381 P.2d 207

**Robert Lowell MOODY, Plaintiff-Appellant,**

v.

**Joseph C. HASTINGS, Employer, and Great American Insurance Company, Insurer, Defendants-Appellees.**

**No. 7192.**

Supreme Court of New Mexico.

April 29, 1963.

Harry E. Stowers, Jr., Thomas E. Jones, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore and Michael L. Keleher, Albuquerque, for appellees.

NOBLE, Justice.

This appeal is concerned with whether a claim for workmen's compensation install-

ment payments, filed less than 31 days after the injury, is premature and requires dismissal.

Claimant sustained an injury on May 6, 1959, and filed his claim for compensation benefits May 22, 1959. A motion urging lack of jurisdiction because of the premature filing of the claim was denied and a jury empanelled to try the cause. After presentation of claimant's evidence, except for the testimony of his medical expert, the motion was renewed and sustained by the court. This appeal is from the order dismissing the claim with prejudice.

 It is settled in New Mexico that jurisdiction is conferred on the court to award installment compensation payments only when the employer has failed or refused to make such installment payments as provided in the Workmen's Compensation Act. George v. Miller & Smith, Inc., 54 N.M. 210, 219 P.2d 285; Fresquez v. Farnsworth & Chambers Co., 60 N.M. 384, 291 P. 2d 1102; and, a claim filed less than 31 days after the injury is prematurely filed as to installment compensation benefits and must be dismissed. Martinez v. Wester Brothers Wholesale Produce Co., 69 N.M. 375, 367 P.2d 545. Payment of compensation in-

stallments after the filing of a premature claim does not waive such premature filing nor confer jurisdiction upon the court.

 For the first time, on appeal, claimant asserts that dismissal of the claim before close of claimant's case precluded him from proving medical expense to which he is entitled. While it is true that a motion to dismiss prior to the close of plaintiff's case should ordinarily not be entertained, Hatch v. Strebeck, 58 N.M. 824, 277 P.2d 317, in this case the court was advised by claimant's counsel that the only remaining testimony was that of a medical expert as to the extent of claimant's injury and disability. Furthermore, claimant had testified that the insurance carrier had not refused medical or surgical treatment. No proof was made or tendered of unpaid medical bills, nor was any objection made to dismissal of the claim on that ground. We hold claimant's position to be without merit.

Finding no error, the judgment appealed from will be affirmed.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.