538 P.2d 799

Rebecca May ARTHER, Dependent widow of Johnny Wayne Arther, Deceased, Plaintiff-Appellee,

v.

The WESTERN COMPANY OF NORTH AMERICA, Employer, and American Home Assurance Company, its Insurer, Defendants-Appellants.

No. 1882.

Court of Appeals of New Mexico.

July 2, 1975.

Certiorari Denied Aug. 5, 1975.

Neal & Neal, Hobbs, for defendants-appellants.

John T. Porter, Williams, Johnson, Houston, Reagan & Porter, Hobbs for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The trial court ordered a lump-sum award in a workmen's compensation case. Defendants appeal. The two issues are: (1) the authority to direct, and (2) the propriety of directing a lump-sum award under the facts of this case.

*Authority to Direct Lump-Sum Award*

Defendants' answer admits that plaintiff's husband received injuries arising out of and in the course of his employment which resulted in his death. Weekly compensation benefits had been paid since the date of death. Within three months after the accident, plaintiff petitioned the trial court "for a lump sum settlement of the widow's death benefits . . . ."

Section 59–10–13.5(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) provides for the payment of compensation in installments. This was being done. Section 59–10–13.6, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) provides that a workman entitled to compensation, or his eligible dependents, may sue for compensation only when the employer or insurer fails or refuses to pay an installment of compensation to which the workman or dependent is entitled. *Moody v. Hastings*, 72 N.M. 132, 381 P.2d 207 (1963); *State v. Swope*, 58 N.M. 553, 273 P.2d 750 (1954); compare *Selgado v. New Mexico State Highway Department*, 66 N.M. 369, 348 P.2d 487 (1960). There is no finding, and none was requested, that defendants had failed or refused to pay an installment of compensation which was due. Section 59–10–36, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) provides that no claim shall be filed by a workman who is receiving maximum compensation benefits. There is no contention that maximum compensation benefits were not being paid.

By what authority did the trial court direct a lump-sum award? *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.1974) holds that § 59–10–25, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1) authorizes the trial court to direct a lump-sum award and that where compensation is being paid, § 59–10–36, *supra*, does not bar a lump-sum proceeding. Neither *Livingston, supra,* nor § 59–10–25, *supra,* authorizes a lump-sum award in this case.

In *Livingston, supra,* the parties had stipulated to a settlement and the trial court had approved the settlement. Thus there had been a prior award of compensation. See § 59–10–25(A), *supra.* There having been a prior award, there was a right to compensation enforceable by the district court. See § 59–10–25(B), *supra.* Section 59–10–36, *supra,* was not applicable in *Livingston, supra,* because the right to compensation had been established before a lump-sum award was sought. Section 59–10–25, *supra,* does not authorize a lump-sum award when the right to compensation has not been established. *Livingston, supra,* is correct on its facts but is not applicable in this case because of different facts. In this case there has been no settlement.

Section 59–10–13.5(B), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1) authorizes a party in interest to petition for a lump-sum award in cases of total permanent disability or death. The petitioning party must, however, be "entitled to compensation" because the lump-sum award discharges the employer's liability. Until the right to compensation has been established, § 59–10–13.5(B), *supra,* does not authorize a lump-sum award. Compare *Sanchez v. Kerr McGee Company,* 83 N.M. 766, 497 P.2d 977 (Ct.App.1972).

Summarizing, where maximum compensation benefits are being paid, § 59–10–36, *supra,* bars a suit to establish liability for compensation. Sections 59–10–25 and 59–10–13.5(B), authorize lump-sum awards only where the right to compensation has

been previously established. A lump-sum award was authorized in *Livingston, supra*, because the parties had agreed upon a settlement and the court had approved the settlement. The right to compensation having been established, the court could then direct a lump-sum award under § 59-10-25, *supra*.

■ In this case defendants admitted death from injuries arising out of and in the course of employment. Their answer did not contest liability for the death; it contested only the propriety of a lump-sum award. The admission in the answer established liability for the death. See *Lujan v. Gonzales*, 84 N.M. 229, 501 P.2d 673 (Ct.App.1972). This admission of liability sufficiently established plaintiff's right to compensation and authorized a lump-sum award under § 59-10-25(B), *supra*. Compare *Livingston, supra*. Specifically, defendants' admission provided the factual basis for a lump-sum award in this case.

*Propriety of the Lump-Sum Award*

Plaintiff was twenty-one years old when she sought the lump-sum award. She had been married to her deceased husband about one month. There were no children of the marriage and she was not pregnant. She had been living with her in-laws since her husband's death and planned to stay there indefinitely. At the time of the lump-sum hearing she was employed at a floral shop earning $1.65 per hour. The parties stipulated that "the only purpose for which she is seeking this lump sum settlement is for investment purposes."

The basis for a lump-sum award is "the best interests of the parties entitled to compensation." Section 59-10-13.5(B), *supra*; *Livingston, supra*. The trial court found:

"10. That Plaintiff's financial interest will be best served by a lump sum settlement in as much as Plaintiff can receive the rate of return upon investments and certificates of deposit at local banks in excess of 5%, as well as other investments in the present money markets.

"11. It would be for Plaintiff's best interest that she obtain a lump sum settlement because she could remarry the day after a lump sum settlement, or die the day after a lump sum settlement, without losing any future payments which, under the law, would ordinarily stop on her death or remarriage."

■ Although the "best interest" of the plaintiff is the guide in determining whether a lump-sum should be awarded, periodic compensation payments are the rule, and lump-sum awards are the exception. *Laukaitis v. Sisters of Charity of Leavenworth*, 135 Mont. 469, 342 P.2d 752 (1959); *Sullivan v. Mayo*, 121 So.2d 424 (Fla. 1960). Compare §§ 59-10-13.5 and 13.6, *supra*, and §§ 59-10-18.2 and 18.4, N.M.S.A.1953 (2d Repl. Vol. 9, p. 1). In applying this exception the purpose of workmen's compensation must be kept in mind.

"It is the public policy of this state that . . . compensation shall be made in a certain amount, to secure the injured employee against want, and to avoid his becoming a public charge." *Hughey v. Ware et al.*, 34 N.M. 29, 276 P. 27 (1929). See 1 Larson, Workmen's Compensation Law, § 2.20 (1972). Consistent with this policy, compensation paid to a dependent widow terminates upon her death or remarriage. Section 59-10-18.7(F), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1). In holding that a lump-sum award was in plaintiff's best interests "because she could remarry the day after a lump sum settlement" the trial court, in effect, ruled that plaintiff's interest was to be given effect regardless of the legislative intent that compensation was only to be paid while plaintiff was a widow.

"Of all the excuses put forward to justify lump-summing, the worst is that in a particular instance the claimant can, so to speak, beat the actuarial tables by taking a lump sum." 3 Larson, Workmen's Compensation Law, § 82.72 (1973). One rea-

son this excuse is "worst" is because the policy of our statute is to assure periodic payments to help secure the recipient of the payments against want.

 Both grounds found by the trial court are inconsistent with the public policy expressed in our statute. A lump-sum award is an exception to the rule of periodic payment; the exception should be applied only in circumstances that accord with the purpose of the compensation statute; the exception should not "eat up" the rule. As stated in 3 Larson, Workmen's Compensation Law, § 82.71 (1973):

> "Since compensation is a segment of a total income-insurance system, it ordinarily does its share of the job only if it can be depended on to supply periodic income benefits replacing a portion of lost earnings. If a partially or totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed. One reason for the persistence of this problem is that practically everyone associated with the system has an incentive—at least a highly visible short-term incentive—to resort to lump-summing. . . .

> "The only solution lies in conscientious administration, with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purposes of the act will best be served by a lump-sum award."

Plaintiff has shown that it is in her short term financial interest to receive a lump-sum award. This is insufficient. She has not shown that the purposes of our compensation statute will be best served by a lump-sum award. Compare *Livingston supra*, where the evidence showed special circumstances which supported the lump-sum award.

Under the rule announced herein, the trial court's findings are insufficient to support a lump-sum award. Oral argument is unnecessary. The judgment of the trial court is reversed.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.