587 P.2d 442

Nick ARMIJO, Plaintiff-Appellant,

v.

CO–CON CONSTRUCTION CO., and Mountain States Mutual Casualty Co., Defendants-Appellees.

No. 3510.

Court of Appeals of New Mexico.

Oct. 17, 1978.

Certiorari Denied Nov. 22, 1978.

James A. Mungle, Albuquerque, for plaintiff-appellant.

George J. Hopkins, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

OPINION

SUTIN, Judge.

On February 28, 1977, plaintiff suffered total disability arising out of an accidental injury in the course of his employment. Since that date, defendants have paid plaintiff all maximum compensation benefits.

On November 8, 1977, plaintiff filed a complaint in which he (1) sought recovery for failure of defendants to provide safety devices, and (2) requested that compensation be awarded in a lump sum.

Defendants filed a motion for summary judgment. The trial court found that all benefits due and payable to plaintiff were paid to date and defendants were not delinquent in weekly compensation benefits. The court ordered plaintiff's complaint dismissed *without prejudice* for being prematurely filed, and plaintiff appeals.

A dismissal of a complaint *without prejudice* is not a final order and is not appealable. *Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977), Sutin, J., Dissenting. The effect of a dismissal without prejudice implies further proceedings. In order to avoid "further appeals" in this case arising out of "further proceedings" it is necessary to delineate for plaintiff what "further proceedings" are available to him.

Plaintiff sought recovery of the penalty allowed by § 59–10–7(B), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). It reads in pertinent part:

[I]f an injury to . . . a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased ten per cent [10%].

Section 59–10–36, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1) is entitled *Premature Filings.* It reads:

No claim shall be filed by any workman who is receiving maximum compensation benefits ; Provided, however, a workman claiming additional compensation benefits, because of his employer's alleged failure to provide a safety device, may file suit therefor, *but in such event only the safety device issue may be determined therein.* [Emphasis added.]

The failure of an employer to supply reasonable safety devices allows the workman to recover a penalty of ten percent as an increase in compensation payable under the Workmen's Compensation Act. *Garza v. W. A. Jourdan, Inc.*, 91 N.M. 268, 572 P.2d 1276 (Ct.App.1977). In *Garza*, defendant defaulted in payment and plaintiff filed his claim for workmen's compensation and the ten percent penalty. Defendant then resumed payments until after the court's hearing. The trial court found plaintiff to be totally and permanently disabled, but denied relief because of the defense of the statute of limitations. This Court reversed and held that the statute of limitations did not apply to the penalty provision of § 59–10–36, *supra*. The court concluded that:

Thus, a workman, pursuant to the exception stated in this statute, may file a suit for the penalty despite the fact that he is receiving "maximum compensation benefits" or has been receiving regular semi-monthly benefits. [572 P.2d at 1280.]

Section 59–10–36 means that if a workman is receiving maximum compensation benefits, he has the right to sue an employer for failure to provide a safety device as an additional compensation benefit, "but in such event only the safety device issue may be determined therein." A workman receiving "maximum compensation benefits" cannot sue for the penalty *and* any other claim under the Workmen's Compensation Act. As long as the workman is paid maximum compensation benefits, "no claim shall be filed." By this mandatory commandment of the Legislature, the workman is denied the right to seek any relief, other than the penalty, which bears upon or is related to receiving compensation benefits. The purpose of this rule is to save the employer the expense and cost of litigation. This burden should not be needlessly imposed upon an employer who complies with the law. Naturally, any such claim filed by a workman during the period that maximum compensation payments are received is premature.

In addition to the penalty, plaintiff sought recovery of a lump sum award under § 59–10–13.5(B), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1975 Supp.). It reads:

B. If, *upon petition of any party* in interest, *the court, after hearing, determines in cases of total permanent disability* that it is in the interest of the rehabil-

itation of the injured workman or in case of death that it is for the best interests of the persons entitled to compensation, and after due notice to all parties in interest of a hearing, *the liability of the employer for compensation may be discharged by the payment of a lump sum . . . .* [Emphasis added.]

To allow a petition to be filed for a lump sum payment under § 59–10–13.5 would directly conflict with § 59–10–36.

Section 59–10–13.5 requires a court hearing and determination as a forerunner to lump sum payment so that the employer is not prejudiced by a voluntary payment of benefits to an employee. The voluntary payment of maximum compensation benefits over a period of time does not establish total permanent disability; such payment is not an admission by the employer of the totality or permanency of any injury. The employer may at any time discontinue payments and the onus would then be on the employee to establish the permanency and totality of his injury in order to seek a lump sum payment.

▌ A distinction must be made between a workman's "right to compensation" and the payment of compensation by the employer." The right to compensation is *established* by the order or judgment of the court. "The payment of compensation by the employer" reflects a duty imposed on the employer to compensate the injured employee without the necessity of a court action. A lump sum payment discharge of an employer is not authorized until the "right to compensation" has been previously determined or established by the trial court. Inasmuch as no claim for compensation benefits has been filed, and compensation benefits have not been established in court, the claim filed by plaintiff was premature.

The same issue was addressed in *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App.1975) where plaintiff petitioned the trial court " 'for a *lump sum settlement* of the widow's death benefits' " within three months after the accident. [Emphasis added.] A "lump sum settlement" falls within the provisions of

§ 59–10–25, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). A "lump sum settlement" was not allowed. However, in discussing the statutes referred to above, *Arther* held that a lump sum award is not authorized *until the right to compensation has been previously established.* See also, *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App.1976).

If plaintiff is still receiving maximum compensation benefits and if plaintiff desires to proceed only for recovery of the penalty, he must drop the claim for a lump sum award.

The appeal is dismissed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.