603 P.2d 300

Solon E. MINNERUP, Plaintiff-Appellee,

v.

STEWART BROTHERS DRILLING COMPANY, Employer and New Hampshire Insurance Company, Insurer, Defendants-Appellants.

No. 4050.

Court of Appeals of New Mexico.

Oct. 2, 1979.

Victor Roybal, Jr., Roybal & Crollett, Albuquerque, for plaintiff-appellee.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellants.

## OPINION

WOOD, Chief Judge.

There are two issues in this workmen's compensation case: (1) propriety of a lump-sum award (a) where maximum compensa- tion benefits were being paid and (b) there were unpaid medical benefits; and (2) attorney fees.

### Lump-Sum Award

Authority for a lump-sum award has existed since the enactment of § 52–1–56(B), N.M.S.A.1978, in 1929. However, in 1959, the Legislature enacted a specific provision for lump-sum awards in cases involving total permanent disability or death. This specific provision, Laws 1959, ch. 67, § 9, was amended by Laws 1969, ch. 133, § 1 and Laws 1975, ch. 284, § 7. As currently worded, the specific provision appears as § 52–1–30(B), N.M.S.A.1978. The lump-sum award in this case involves § 52–1–30(B), supra, inasmuch as partial disability is not involved. See *Codling v. Aztec Well Servicing Co.,* 89 N.M. 213, 549 P.2d 628 (Ct.App. 1976).

The specific provision in cases involving total permanent disability or death has, throughout its legislative history, provided for the discharge of the employer's "liability" for compensation by the payment of a lump-sum. For liability to be discharged, the right to compensation must have been established. The right to compensation has been established (a) by a trial court judgment of total permanent disability, *Lamont v. New Mexico Military Institute,* 92 N.M. 804, 595 P.2d 774 (Ct.App.1979); compare *Lane v. Levi Strauss & Co.,* 92 N.M. 504, 590 P.2d 652 (Ct.App.1979); (b) by a stipulated settlement, *Livingston v. Loffland Brothers Co.,* 86 N.M. 375, 524 P.2d 991 (Ct.App.1974); and (c) by admissions of the employer, *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975); see *Villegas v. American Smelting & Refining Co.,* 89 N.M. 387, 552 P.2d 1235 (Ct.App.1976).

Defendants attack the propriety of the lump-sum award in this case. We do not discuss the various contentions because the initial, and dispositive, question is whether the right to compensation could properly be decided. This question involves § 52–1–69, N.M.S.A.1978, which states:

No claim shall be filed by any workman who is receiving maximum compensation benefits . . . .

It is undisputed that defendants had paid, and were paying, compensation benefits to plaintiff of $114.61 per week. In his opening statement, plaintiff claimed the "correct amount" should have been $124.97 per week. This claim was not established. The trial court found that: "Defendants have paid temporary total disability benefits to plaintiff at the applicable rate." The rate was $114.61 per week. Plaintiff has not challenged the trial court's finding and has not cross-appealed. Thus, it is established, for this appeal, that plaintiff was receiving maximum compensation benefits.

■ The complaint acknowledged payments of $114.61 per week, but nevertheless sought an award of total permanent disability and asked that the award be a lump-sum. Because plaintiff was being paid maximum compensation benefits, § 52–1–69, supra, barred his claim for total permanent disability. The consequence of the bar to the claim for total permanent disability, there being neither admission nor stipulation establishing total permanent disability, was that the trial court lacked authority to order a lump-sum award based on a total permanent disability.

■ We recognize that the opinions in *Briscoe v. Hydro Conduit Corporation,* 88 N.M. 568, 544 P.2d 283 (Ct.App.1975) and *Armijo v. Co-Con Const. Co.,* 92 N.M. 295, 587 P.2d 442 (Ct.App.1978), may have introduced uncertainty in this aspect of our workmen's compensation law. Any such uncertainty is resolved by recognizing that payment of maximum compensation benefits by the employer, without court order, makes § 52–1–69, supra, applicable and that so long as such maximum compensation benefits are being paid, a suit to establish the right to compensation is barred. When a suit to establish the right to compensation is barred, and there is neither admission nor stipulation establishing that right, there is no case of total permanent disability and no authority for a lump-sum award, based on total permanent disability, under § 52–1–30(B), supra.

We have pointed out that plaintiff was being paid maximum compensation benefits. We used "compensation" in the sense of payments to the workman for his disability. Such payments were being made to the workman in *Armijo v. Co-Con Const. Co.,* supra. In *Armijo,* plaintiff sought recovery for failure of defendants to provide safety devices and sought to use the safety device claim as a basis for a lump-sum award. This could not be done under the express provisions of § 52–1–69, supra; the effort to obtain a lump-sum award was premature.

■ In this case, plaintiff sought to utilize a claim for medical expenses as a method for obtaining a lump-sum award. In *Martinez v. Wester Brothers Wholesale Produce Co.,* 69 N.M. 375, 367 P.2d 545 (1961), the plaintiff unsuccessfully sought to utilize a failure to pay medical expenses as a method to litigate a claim for compensation benefits which had been prematurely filed. *Martinez,* supra, distinguished installment compensation benefits from medical benefits. *Valdez v. McKee,* 76 N.M. 340, 414 P.2d 852 (1966) states:

> [W]e have held that the "installments" [compensation benefits] to which the statute refers do not include the workman's medical benefits . . . [citations omitted]. It was not the intention of the legislature to make the medical benefits . . . subject to the limitations of § 59–10–13.5, N.M.S.A.1953 [now § 52–1–30, supra].

■ Under *Martinez* and *Valdez,* supra, a claim for medical benefits may not be utilized as a device to obtain a lump-sum award. This is so because medical benefits are not the same as installment compensation payments, and the right to installment compensation benefits must be established as a prerequisite to a lump-sum award. Compare *Nasci v. Frank Paxton Lumber Co.,* 69 N.M. 412, 367 P.2d 913 (1961). Section 52–1–69, supra, bars a suit to establish the right to compensation and, thus, bars a lump-sum award where maximum compen-

sation benefits are being paid. "Compensation" in § 52–1–69, supra, refers to payments of compensation for disability; "compensation" in § 52–1–69, supra, does not refer to medical benefits. So much was established prior to *Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975).

*Schiller,* supra, held that "medical expenses are compensation for the purpose of allowing attorney fees . . . ." That being the sole question considered, *Schiller* is not authority for allowing a suit to establish a total permanent disability when maximum benefits for that disability are being paid.

■ Summarizing: Where maximum compensation payments for disability are being paid, a suit to establish a right to compensation on the basis of total permanent disability is barred, and there is no authority to lump-sum a total permanent disability which has not been established. A corollary is that where maximum compensation benefits for disability are not being paid, a suit to establish disability may be brought, and if total permanent disability is established, a lump-sum may be awarded where exceptional circumstances warrant a departure from payment of compensation in installments. See *Lamont v. New Mexico Military Institute,* supra. Where maximum compensation benefits for disability are being paid, a suit for medical expenses does not provide a basis for deciding the question of total permanent disability in order to seek a lump-sum award.

The trial court erred in deciding plaintiff's disability because maximum compensation benefits were being paid for plaintiff's disability. Disability not being an issue for decision, the trial court erred in deciding that plaintiff was totally and permanently disabled, and in awarding a lump-sum for that disability.

*Attorney Fees*

■■ Attorney fees can be awarded in a suit for medical expenses only. *Schiller v. Southwest Air Rangers, Inc.,* supra. The award of attorney fees in this case does not distinguish between attorney fees for secur-

ing payment of medical expenses and for obtaining the improper lump-sum award. Accordingly, the award of attorney fees is reversed.

The judgment awarding a lump-sum for total permanent disability is reversed. The cause is remanded for entry of a judgment limited to the recovery of medical expenses and to an award of attorney fees for securing payment of medical expenses.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.