623 P.2d 998

**Bessie ROMERO, Plaintiff-Appellee,**

v.

**S. S. KRESGE COMPANY dba K-Mart Corporation, Employer, Self-Insuree, Defendant-Appellant.**

**No. 4607.**

Court of Appeals of New Mexico.

Jan. 6, 1981.

Certiorari Denied Feb. 5, 1981.

Roybal & Crollett, Victor Roybal, Jr., Albuquerque, for plaintiff-appellee.

Keleher & McLeod, P. A., Robert H. Clark, and Ronald F. Horn, Albuquerque, for defendant-appellant.

## OPINION

ANDREWS, Judge.

This workmen's compensation action arises out of an injury which occurred while claimant, Bessie Romero, was employed by S. S. Kresge, d/b/a K-Mart Corporation (K-Mart). After completing her day of work, claimant punched-out on the employer's timeclock. While exiting the store, she slipped and fell in the vestibule between the inner and outer doors of the store. The only testimony as to the cause of the fall was that of claimant, who stated:

> Well, I was walking out of the building. The [K-Mart] have one of their openings there, where you open the door, and all of a sudden I just fell on my seat, and I don't know what happened. I fell. I must have slipped on something. I don't know. I got up real fast from there.

As a result of the fall, Ms. Romero was injured. K-Mart, a self-insured employer, paid medical expenses and compensation benefits of $76.00 per week for twenty-five weeks and two days.

The trial court found that "[o]n or about October 20, 1978, plaintiff sustained an accidental injury arising out of and in the course of her employment," and entered a judgment directing that claimant be paid "thirty percent partial disability benefits."

The employer raises two issues on appeal. First, when an employee is injured "going or coming" to the workplace, while actually still in the workplace, that injury is not compensable under § 52–1–19, N.M.S.A. 1978. Second, where a claimant's injury is not compensable under the applicable statute the payment of compensation benefits does not constitute an absolute admission that the injury which is the subject matter of the payment is compensable.

Claimant contends that, "plaintiff's claim for compensation was established prior to trial in defendant's answer to the complaint." This proof of the compensability arose because "defendant readily admitted in its answer that plaintiff had been paid weekly compensation benefits in addition to medical expenses for injuries sustained." Thus, argues claimant, since liability is admitted by payment of maximum compensation benefits, compensability was not properly an issue before the trial court.

Under the Workmen's Compensation Act [§§ 52–1–1, et seq. N.M.S.A.1978], an injury is compensable only if it is shown to be both "arising out of" and "in the course of" employment, *Gutierrez v. Artesia Public Schools*, 92 N.M. 112, 583 P.2d 476 (Ct.App. 1978). However, compensation is not allowed if the injury occurs while the workman is "on his way to assume the duties of his employment" or "after leaving such duties." § 52–1–9. The only exception to the "going and coming" rule applicable here arises when the injury occurs on the employer's premises and there is proof of the employer's negligence. *McDonald v. Artesia General Hospital*, 73 N.M. 188, 386 P.2d 708 (1963); *Hayes v. Ampex Corporation*, 85 N.M. 444, 512 P.2d 1280 (Ct.App.1973); *see Mountain States Tel. & Tel. Co. v. Montoya*, 91 N.M. 788, 581 P.2d 1283 (1978).

In this action, claimant did not dispute the fact that she was finished with her work, nor did she assert that her injury was definitely the consequence of K-Mart's negligence. It is not possible, therefore, to find support for the court's Conclusion No. 2, that "Plaintiff sustained a compensable accidental injury arising out of and in the course of her employment," unless the payment of compensation benefits shifts the burden of proving that an accident arose out of the employment from the claimant to the employer.

*Michael v. Bauman,* 76 N.M. 225, 413 P.2d 888 (1966), held that while payment by the employer "may constitute an admission against interest by the employer or insurer, * * * the admission is only one factor to be considered together with the other evidence. Thus, absent any other evidence, proof of compensation benefits would be sufficient to sustain an award. *Accord, Feldhut v. Latham,* 60 N.M. 87, 287 P.2d 615 (1955), where the court earlier established that payment was competent, but was no more than evidence—creating no shifting of the initial burden. In *Armijo v. Co-Con Construction Co.,* 92 N.M. 295, 587 P.2d 442 (Ct.App.1978), it was noted again that:

> [t]he voluntary payment of * * * benefits over a period of time * * * is not an admission by the employer of the totality of permanency of any injury. The employer may at any time discontinue payments and *the onus would then be on the employee* to establish the permanency and totality of his injury. (Emphasis added.)

92 N.M. at 297, 587 P.2d 442.

■ The only decision in which such payments were not treated merely as evidence was *Perea v. Gorby,* 94 N.M. 325, 610 P.2d 212 (Ct.App.1980), where it was stated that such payments are, "an admission equivalent to an award of compensation benefits," the payment of which "relieved plaintiff of the burden of establishing any causal connection." These pronouncements are both contrary to the prior decisions of this Court and the Supreme Court and contrary to public policy. We held in *Casias v. The Zia*

*Co.,* 94 N.M. 723, 616 P.2d 436 (1980), that a decision which is concurred in by less than two judges is, "not a decision of the Court of Appeals." In the *Perea* decision, Judges Lopez and Hernandez concurred only in the result. Thus, that decision has no effect in this action. The rule of law from *Michael v. Bauman, supra,* and *Armijo v. Co-Con Construction Co., supra,* is clear—voluntary payment of compensation benefits is merely competent evidence as to any issue in a workman's compensation suit, and does not create any presumptions or shifts in the original burden.

Clearly, then, claimant cannot base her recovery solely on the fact that the employer paid benefits during a period when the accident was under investigation. Rather, she had the burden of proving a compensable accident. The payment of compensation benefits does not relieve her of this burden. Any other rule would be contrary to the purpose and policy of the Workmen's Compensation Act. A rule of law holding that any payment of compensation benefits is an absolute admission of liability would defeat the remedial nature of the Act by encouraging employers to refuse payment of compensation benefits they might, otherwise, voluntarily pay.

■ A decision of the trial court is to be upheld if correct for any reason and is not to be reversed when the court reaches the correct result for the wrong reason. *H. T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App. 1974). Thus, even though the wrong rule of law was applied in this action, if the result is correct, this Court will uphold that result. Here, claimant's testimony is the only evidence which has a bearing on the cause of the accident. If her statement will support the trial court's finding that her injury arose out of and in the course of her employment, the finding shall not be disturbed. *Moorhead v. Gray Ranch Co.,* 90 N.M. 220, 561 P.2d 493 (Ct.App.1977). In reviewing a workmen's compensation case, we will consider the evidence, and the inferences that may be drawn reasonably therefrom, in the light most favorable to support

the findings. *Moorhead v. Gray Ranch Co.,* supra; *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App. 1975). In this case, upon a consideration of all the evidence, in the light most favorable to the successful party, the employee, we are convinced that there is no substantial evidence to support the finding of the district court that claimant "sustained an accidental injury arising out of and in the course of her employment * * * " Since this finding is essential to the judgment entered in favor of Ms. Romero, that judgment cannot stand. *Accord, Getz v. Equitable Life Assur. Soc. of U. S.,* 90 N.M. 195, 561 P.2d 468 (1977).

The judgment of the district court is reversed, and this cause is remanded to that court with directions to enter judgment for K-Mart.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

In *Perea v. Gorby,* 94 N.M. 325, 610 P.2d 212, 216 (Ct.App.1980), I said:

> Voluntary payments [of workmen's compensation benefits] are, however, an admission equivalent to an award of compensation benefits under § 52–1–28(A), and paid by defendants to plaintiff. * * *

Despite Judge Andrews' opinion, I stand on that statement.

A "voluntary payment" is a payment made without a mistake of fact or fraud, duress, coercion, or extortion, on a demand which is not enforceable against a payor, and whether in a given case a payment is voluntary depends on the facts of the particular case, *as indicating an intention on the part of payor to waive his legal rights. Sturdevant v. Mills,* Mont., 580 P.2d 923 (1978).

"Equivalent to an award of compensation benefits" means similar to a court making an award of compensation.

An employer, when notified of an alleged accidental injury, is not compelled to pay a workman any compensation benefits. The employer can thoroughly investigate the claim, gather all of the essential facts and, within thirty days after knowledge of the accident, report the accident to the insurance department of the State Corporation Commission. Section 52–1–57, N.M.S.A. 1978. It would be quite unusual, even rare that time in excess of thirty days would be necessary to determine the issue of liability. An employer or insurance carrier can then admit or deny liability. If compensation benefits are paid, liability is admitted. If there is uncertainty as to liability, an employer can, if it desires, pay compensation benefits under a reservation of rights. If the employer voluntarily makes payment of compensation benefits for an extended period of time, its admission of liability cannot be questioned. By such admission, liability exists as a matter of law as though it were awarded in court. An employer who pays compensation benefits to a workman, admits liability, then summarily stops payment, and denies liability, commits a wrong. An employer should not profit by its own wrong. This, again, recites the spirit of the Workmen's Compensation Act.

In the instant case, plaintiff alleged in his claim that he was paid compensation benefits in the amount of about $550.00. In the answer, although defendant denied liability, defendant admitted "that it has paid compensation benefits in the amount of $1,921.72, medical expenses in the sum of $883.89 * * *."

The rule is established that material allegations of a complaint admitted in the answer need not be proved. The admissions of the party, here the employer, precludes it from challenging these facts. *Matter of One Cessna Aircraft, Etc.,* 90 N.M. 40, 559 P.2d 417 (1977). *Feldhut v. Latham,* 60 N.M. 87, 287 P.2d 615 (1955) cites with approval, *Amend v. Amend,* 12 N.J.Super. 425, 79 A.2d 742 (1950). *Amend* quoted the following:

> " * * * the seventh paragraph of the defendant's answer admitted the paying of compensation to the defendant, pursuant to the provisions of the Workmen's Com-

pension Act. These payments were evidence of the making of an agreement between the parties for the payment of compensation to the plaintiff, as the presumption would be that they were made only under the provisions of the law which required the making of an agreement. This presumption remained unrebutted by any evidence offered by the defendant to the contrary." [Id. 748.]

This language covers the event in the instant case. We begin with an unrebutted presumption that the admission evidenced an agreement between the parties for the payment of compensation.

"Compensation benefits," means those benefits granted under the Workmen's Compensation Act. "Payment of compensation benefits," means, precisely, an admission of liability under the Workmen's Compensation Act. Section 52–1–69 reads in pertinent part:

No claim shall be filed by any workman who is receiving maximum compensation benefits * * *.

Maximum compensation benefits were paid by defendant to plaintiff. There was no finding, and none was requested that defendant had failed or refused to pay any installment of compensation for six months after it became due. A suit to establish liability for compensation is barred during the period of time that such compensation is paid. *Arther v. Western Company of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App. 1975); *Armijo v. Co-Con Const. Co.*, 92 N.M. 295, 296, 587 P.2d 442 (1978). In *Armijo*, I said:

* * * The purpose of this rule is to save the employer the expense and cost of litigation. This burden should not be needlessly imposed upon an employer who complies with the law. Naturally, any such claim filed by a workman during the period that maximum compensation payments are received is premature.

A claim for compensation being premature means that a claim for compensation existed. Liability was admitted by payment of workmen's compensation benefits. *Briscoe v. Hydro Conduit Corporation*, 88

N.M. 568, 544 P.2d 283 (Ct.App.1975), Sutin, J., specially concurring. If the employer were not liable, it would not make "payments of workmen's compensation benefits." An employer should not be allowed to admit liability and then deny it as an after thought because of some mistake in its judgment. This method of punishing a workman plays fast and loose with a workman's rights.

During trial, plaintiff testified that she reported her injury to the manager who accepted her claim. He filled out an accident report and filed it. Defendant presented no testimony.

At the close of the case, defendant announced that by stipulation, defendant made installment payments of $1,921.72 for total disability from October 21, 1978 through April 20, 1979, a period of six months; that from October 21, 1978 through the date of trial, December 11, 1980, a period of 14 months, defendant paid plaintiff's medical expenses in the amount of $1,566.98. These payments were made in accordance with § 52–1–30(A) (installment compensation payments) and § 52–1–49(A) (furnishing medical services).

Admissions in the pleadings and admissions by stipulation under which defendant, after plaintiff's claim was accepted, voluntarily paid plaintiff workmen's compensation for 6 months and paid plaintiff's medical expenses for 14 months, before and after plaintiff's complaint was filed and up through the date of trial, are admissions "equivalent to an award of compensation benefits." As a matter of fact this occurred. These facts were admitted during trial. The court made an award of compensation benefits. Defendant had agreed that compensation benefits were due. It paid them.

Defendant is estopped to assert a defense of nonliability. *In the Matter of the Compensation of Lonnie Frasure*, 41 Or.App. 649, 598 P.2d 1248 (1979). The State of Oregon has a statute which reads:

Merely paying or providing compensation shall not be considered acceptance of

a claim or an admission of liability nor shall mere acceptance of such compensation be considered a waiver of the right to question the amount thereof.

The court ruled that an employer and insurance carrier who voluntarily accepted the claim and paid benefits for approximately 17 months were estopped to assert the defense of nonliability.

We turn now to the law in New Mexico. *Feldhut* opens the door to a discussion of admissions by an employer sufficient to sustain an award of compensation. (1) It followed an early decision which held that proof of admissions of a material fact by a party, which, if true, were of a character sufficient to authorize a verdict, was enough to support a verdict against the party making the admissions. In other words, when defendant admitted the payment of workmen's compensation benefits by answer and agreement, it was enough to warrant a judgment for plaintiff. (2) It followed *Amend* which held that forms filled out by the insurer and filed with the Department of Labor, reciting the injury to the employee while cranking a car, and that it was paying compensation and furnishing medical care, were sufficient to sustain an award. This holding sustains an award in the instant case. (3) *Feldhut* did *not* involve *the payment of workmen's compensation.* The court said:

We hold the admission was competent evidence the workmen were injured in an accident arising out of and in the course of their employment, *but it was not conclusive on the point.* * * * [Id 60 N.M. 92, 287 P.2d 615.]

To take this "non-conclusive" concept to override *Perea* is erroneous. It creates confusion in the meaning of admissions made by payment of workmen's compensation benefits.

*Gilbert v. E. B. Law and Son, Inc.,* 60 N.M. 101, 287 P.2d 992 (1955) is directly in point. The fact that an employer had made out an accident report and paid decedent until shortly before his death was an admission against interest by the employer that the accident had occurred and that it was compensable and was admissible as competent evidence to support an award of compensation. *Feldhut* was cited in support of this conclusion. The court said:

The justice of such rule is peculiarly apparent in the present case where compensation was paid decedent until just before his death. The appellants had opportunity to fully investigate the circumstances of the accident and injury. *The effect of payment of compensation benefits would naturally be to lull the injured workman and his family into belief there would be no litigation* and, therefore, no need to round up possible witnesses and attempt to preserve evidence to prove the claim, with the result material evidence and the identity of witnesses might never be discovered by an injured workman. * * [Emphasis added.] [Id. 60 N.M. 106, 287 P.2d 992.]

A conflict appears in *Michael v. Bauman,* 76 N.M. 225, 413 P.2d 888 (1966). The facts were not discussed. *Gilbert* and *Feldhut* were merely cited as "compare." The "nonconclusive" words were used to summarily dispose of a poor workman's compensation case. The court said:

Plaintiff complains that the insurer's payments on his claim for a six week period after the alleged October accident precludes any denial of the validity of the present claim. It is true that we have recognized that payment of claims may constitute an admission against interest by an employer or insurer. Compare [Gilbert and Feldhut citations omitted]. However, an admission can be rebutted or explained and is by no means conclusive. * * * [Id. 76 N.M. 228, 413 P.2d 888.]

*Michael* inadvertently, in passing, transposed the admission made in *Feldhut* instead of the admission made in *Gilbert.* An admission of liability with reference to whether an accident arose out of and in the course of employment is *not* conclusive. But an admission of acceptance of plaintiff's claim and the payment of compensation benefits over an extended period of time *is* conclusive. To hold otherwise chips

away at the spirit and purpose of the Workmen's Compensation Act.

Judge Andrews' opinion quotes the wrong portion of my opinion in *Armijo*: "The voluntary payment of maximum compensation benefits over a period of time does not establish *total permanent disability*; such payment is not an admission by the employer of the *totality or permanency of any injury*." But " 'The payment of compensation by the employer' reflects a duty imposed on the employer to compensate the injured employee *without the necessity of a court action*." [Id. 297, 587 P.2d 442.] [All emphasis added.]

See, *Johnson v. J. S. & H. Construction Co.*, 81 N.M. 42, 462 P.2d 627 (Ct.App.1969) where the rules in *Gilbert* and *Michael* are mentioned without comment.

Section 52–1–49(A) provides that an employer shall furnish all medical services and medicine to an employee who is injured. Plaintiff had an independent claim for payment immediately after the injury, *Martinez v. Wester Brothers Wholesale Produce Co.*, 69 N.M. 375, 367 P.2d 545 (1961), even after the limitation period for compensation had expired. *Nasci v. Frank Paxton Lumber Co.*, 69 N.M. 412, 367 P.2d 913 (1961). Medical and surgical treatment that plaintiff is entitled to receive is incidental to and a concomitant part of a comparable injury for which the employer is liable under the Act. *State ex rel. Gibbins v. District Court*, 65 N.M. 1, 330 P.2d 964 (1958); *Scott v. Transwestern Tankers, Inc.*, 73 N.M. 219, 387 P.2d 327 (1963).

Defendant paid for these medical services and medicine before and after the complaint was filed and through the trial of the case. Defendant was not compelled to make these payments before an adjudication was made of plaintiff's right to compensation. It was unnecessary for plaintiff to seek an award for payment of medical benefits. By payment of medical benefits, defendant admitted that plaintiff's accidental injury was compensable.

Voluntary payments of workmen's compensation and medical benefits are admissions equivalent to an award of compensation benefits under the Workmen's Compensation Act.

A different rule applies where the Workmen's Compensation Act provides that payment by an employer or his insurance carrier is not an admission of liability. *Buller v. Travelers Indemnity Company*, 118 So.2d 134 (La.App.1960); or where the employer merely pays gratuities. *Hodges v. State Road Department*, 171 So.2d 523 (Fla.1965); or where from the very beginning of the occurrence of such injury to an employee, the employer questioned liability under the Workmen's Compensation Act. *Madison v. Key Work Clothes*, 182 Kan. 186, 318 P.2d 991 (1957); or where the person injured is not an employee but an independent contractor. *Scholz v. Industrial Commission*, 267 Wis. 31, 64 N.W.2d 204 (1954); or where the workman was temporarily paid workmen's compensation for a back injury and subsequently claimed additional compensation for an eye injury for which there was no medical proof. *Vasquez v. Industrial Comm.*, 39 Wis.2d 10, 158 N.W.2d 331 (1968). None of these rules are applicable here.

The judgment below should be affirmed.