661 P.2d 503

**Robert H. NEUMANN,
Plaintiff-Appellant,**

v.

**A.S. HORNER, INC., Employer, and the
Western Insurance Companies, Insurer,
Defendants-Appellees.**

**No. 5934.**

Court of Appeals of New Mexico.

March 24, 1983.

**604**

Chris Lackmann, Albuquerque, for plaintiff-appellant.

James H. Johansen, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees.

## OPINION

WOOD, Judge.

Plaintiff received a compensable injury. Defendants began paying maximum weekly worker compensation benefits and have continued to pay those benefits. Plaintiff's medical bills have been paid. A "friendly" suit was filed (a complaint and answer) for the purpose of obtaining a court approved lump-sum settlement. The matter was presented to Judge Franchini "to settle * * by judgment and satisfaction thereof this worker's compensation claim." Plaintiff, called as a witness, equivocated as to his willingness to settle for the lump-sum of $20,000.00; Judge Franchini refused to approve the settlement. Subsequently, the trial court granted defendants' motion for summary judgment and dismissed the complaint without prejudice. Plaintiff appeals contending that, even though maximum weekly benefits have been and are continuing to be paid, the dismissal was erroneous. Plaintiff contends that the failed "friendly" suit remained viable as a suit for a lump-sum settlement. We discuss the three statutory provisions relied on by the parties and affirm the trial court.

Section 52–1–69, N.M.S.A.1978, states that no claim shall be filed by a worker receiving maximum compensation benefits. Defendants contend that this provision barred further proceedings in the "friendly" suit, once Judge Franchini refused to approve the settlement, because maximum benefits were being paid. Plaintiff asserts that defendants' answer in that suit amounted to a waiver of reliance on § 52–1–69 because no claim of premature filing was raised in the answer. *See Salazar v. Lavaland Heights Block Company,* 75 N.M. 211, 402 P.2d 948 (1965). Because other statutory provisions dispose of plaintiff's asserted right to sue for a lump-sum award, it is unnecessary to decide the waiver issue.

■ In the trial court, plaintiff contended that he was entitled to a lump-sum settlement on the basis of a total, permanent disability. On appeal, plaintiff does not state whether he seeks a lump-sum settlement for a total or a partial disability. Lump-sum awards in either category may be obtained through court proceedings only where the right to compensation has been previously established. *Codling v. Aztec Well Servicing Co.,* 89 N.M. 213, 549 P.2d 628 (Ct.App.1976); *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975).

■ If plaintiff seeks a lump-sum settlement on the basis of a "total, permanent" disability, *see* § 52–1–30(B), N.M.S.A.1978, then he must show that a right to compensation for such disability has been established. There is no judgment and no settlement on the basis of a total, permanent disability. Such a disability may, however, be established by admission. *Minnerup v. Stewart Bros. Drilling Co.,* 93 N.M. 561, 603 P.2d 300 (Ct.App.1979). Plaintiff asserts that defendants have admitted liability for a total, permanent disability.

■ "The voluntary payment of maximum compensation benefits over a period of time does not establish total permanent disability; such payment is not an admission by the employer of the totality or permanency of any injury." *Armijo v. Co-Con Const. Co.,* 92 N.M. 295, 587 P.2d 442 (Ct.App.1978).

■ Plaintiff asserts that defendants admitted liability for total, permanent disability in answers to "request for admission and interrogatories". This is incorrect. These answers admitted a compensable injury and the payment of compensation and medical benefits, but they do not admit a total, permanent disability. In addition, the pleadings in the "friendly" suit do not aid plaintiff. The complaint alleged a total disability that was temporary; the answer denied disability "within the meaning" of the Compensation Act.

There being no admission of total, permanent disability, plaintiff could not recover a lump-sum award on the basis of a total, permanent disability under § 52–1–30(B).

If plaintiff seeks a lump-sum settlement on the basis of a partial disability, *see* § 52–1–56(B), N.M.S.A.1978, he still must show that a right to compensation for such disability has been established. Plaintiff asserts that a right to a partial disability, to some percentage extent, is established by defendants' admission of a compensable injury and the payment of compensation and medical benefits. Assuming, but not deciding, that defendants have admitted a disability to some percentage extent, there is nothing showing an admission of the type of partial disability; that is, whether permanent or temporary. This raises the question of whether a proceeding under § 52–1–56(B) requires that a right to partial, permanent disability be established before a lump-sum may be awarded. *Compare Codling, supra,* where there was a judgment for 50 percent partial, permanent disability. This question need not be answered in this appeal.

■ Section 52–1–56(B) permits a trial court to order lump-sum settlements only where there is an "enforceable" right to compensation. So long as maximum compensation benefits are being paid there is no basis for a compensation claim and, thus, no enforceable right to compensation. *Compare Minnerup, supra; Armijo, supra.*

Dismissal of the complaint, without prejudice, was proper because maximum weekly compensation benefits were being paid. The order of the trial court is affirmed.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.