763 P.2d 684

**George M. RAINES, Petitioner,**

v.

**W.A. KLINGER AND SONS, d/b/a Klinger Construction, Inc., an Iowa corporation, and United Pacific Reliance Insurance Company, Respondents.**

No. 17795.

Supreme Court of New Mexico.

Oct. 13, 1988.

Rehearing Denied Nov. 21, 1988.

Turner W. Branch, Branch Law Firm, Albuquerque, for petitioner.

Edward W. Shepherd, Albuquerque, for respondents.

## OPINION

WALTERS, Justice.

George Raines, the seventy-year-old petitioner, was injured on November 12, 1985, in the course and within the scope of his employment at a construction site. The truncated record and documents on appeal appear to disclose that he filed suit for compensation benefits in 1986, and that defendants paid some compensation between the dates of the injury and the filing of the complaint but apparently had determined at the time of suit that "plaintiff ha[d] received all the benefits to which he [was] entitled ... and [was], therefore, barred from further recovery." Several months later, and presumably after resumption of payments by defendants, petitioner filed a motion requesting an order allowing a lump sum settlement of compensation benefits. The district court dismissed the motion without prejudice, citing NMSA 1978, Section 52-1-69 [1] as a basis for denial, and reciting that the motion was premature because (according to the docketing statement and certiorari petition) petitioner already was receiving maximum compensation benefits. On appeal, the court of appeals affirmed the trial court by memorandum opinion, concluding that unequivocal language of Section 52-1-69 was dispositive. We issued a writ of certiorari to the court of appeals, and we consider whether petitioner should be allowed to request a lump sum payment of compensation benefits in lieu of regular installments which reflect weekly benefit amounts. The petitioner also claimed an equal protection violation, but because we conclude that the court of appeals incorrectly upheld the trial court's dismissal of the petitioner's complaint, we do not find it necessary to reach that issue.

Under the provisions of the Workers' Compensation Act then in effect, a worker was permitted to petition for payment of a lump sum award if he had suffered a compensable total, permanent disability. The trial court could order such payment when it found that payment in a lump sum was in

---

**1.** All references to the Workers' Compensation Act are to Sections 52-1-1 to 52-1-69 in effect prior to the Act's 1986 revision and reenactment.

the best interest of the person entitled to receive compensation. § 52–1–30(B). The Act (then and now) contemplated payment of compensation benefits in periodic installments, to begin no later than thirty-one days after the injury. § 52–1–30(A). Workers could not file claims for compensation during that thirty-one day period, *Moody v. Hastings,* 72 N.M. 132, 133, 381 P.2d 207 (1963); and no claim for compensation could be filed while the injured workman was receiving maximum benefits. § 52–1–69; *Neumann v. A.S. Horner, Inc.,* 99 N.M. 603, 605, 661 P.2d 503, 505 (Ct. App.1983); *Armijo v. Co–Con Constr. Co.,* 92 N.M. 295, 296, 587 P.2d 442, 443, (Ct. App.), *cert. denied,* 92 N.M. 260, 586 P.2d 1089 (1978), *overruled on other grounds, Maitlen v. Getty Oil Co.,* 105 N.M. 370, 733 P.2d 1 (Ct.App.1987).

We do not construe Section 52–1–69, however, to have declared that permanently disabled workers, or the parties in interest, who are receiving maximum compensation benefits do not have a right to petition for and demonstrate that lump sum awards are in their best interest, nor do we believe the legislature so intended. Judge Sutin's special concurrence in *Briscoe v. Hydro Conduit Corp.,* 88 N.M. 568, 571, 544 P.2d 283, 286 (Ct.App.1975), correctly observed that a statutory provision affording the worker an opportunity for a hearing to obtain a lump sum award would have no purpose if the worker were not permitted to request that mode of payment as an alternative to the usual method of installment payments. *Id.* at 570, 544 P.2d at 285. Moreover, a request for a lump-sum payment is *not* a claim for compensation as that term was described in Section 52–1–31.

The order of the trial court denying the claim for a lump-sum award was entered almost four months after the date shown in the record for trial of plaintiff's claim. Denial was expressly based on defendant's reliance on the section of the Act that dealt with a workman receiving maximum benefits. § 52–1–69. We may infer from that express reference, in light of defendants' answer, that defendants had resumed compensation payments and did not contest liability, but only the lump-sum mode of payment. It can hardly be said, when an employer who has refused to make payments and alleges, after plaintiff resorts to judicial proceedings to obtain recovery, that the employee has received all the benefits he is entitled to and is barred from further payments, that the employer thereafter has paid maximum benefits voluntarily.

But whether or not the maximum payments being made by the employer are voluntary is not the issue, and that circumstance should not have been the focus of earlier opinions. The real question is whether the permanency of the total disability has been established, either by judgment or by admission. That question can easily and fairly be determined by the trier of facts when the motion for lump sum payment is heard. Under *Arther v. Western Co. of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975), if maximum benefits are being paid and only the lump-sum award is contested, liability is sufficiently established by defendants' payments to provide "the factual basis for a lump-sum award."

Because our analysis leads us to the conclusion that Section 52–1–69 did not preclude a petition for a hearing upon the appropriateness of a lump sum award even while the injured worker is receiving maximum compensation benefits in periodic installments, we overrule the opinions of the court of appeals in *Neumann, Armijo,* and *Minnerup v. Stewart Bros. Drilling Co.,* 93 N.M. 561, 603 P.2d 300 (Ct.App.), *cert. denied,* 94 N.M. 629, 614 P.2d 545 (1979), insofar as they conflict with our holding today. Those cases directly conflict, also, with the holding of *Livingston v. Loffland Bros. Co.,* 86 N.M. 375, 524 P.2d 991 (Ct. App.), *cert. denied,* 86 N.M. 372, 524 P.2d 988 (1974), which decided the identical question presented here under the previous statutes, NMSA 1953, Section 59–10–25(B), which statute contained virtually identical language to that in NMSA 1978, Section 52–1–30(B), and NMSA 1953, Section 59–10–36, which is identical to NMSA 1978, Section 52–1–69, and which decision

reached the same result we reiterate today. Those later opinions of the court of appeals misconstrued a petition for a lump sum as a claim to establish a right to compensation. The petitioner's action here, however, was not a suit to *establish* a right to compensation; rather, it was a request *to modify the manner in which the compensation* he sued to obtain, and which he already was receiving, *shall be paid.*

We confine our holding to the unmistakable conclusion that petitioner may apply for a lump sum payment, and that he has the right to a hearing on his request. The matter is remanded to the trial court for the purpose of considering his motion. IT IS SO ORDERED.

SOSA, Senior Justice, and RANSOM, J., concur.

STOWERS, J., dissenting.

SCARBOROUGH, C.J., joining in dissent.

STOWERS, Justice, (dissenting).

SCARBOROUGH, Chief Justice (joining in dissent).

I respectfully dissent from the majority opinion. I would affirm the Court of Appeals opinion affirming the trial court's denial and dismissal of Raines' premature motion for a lump sum worker's compensation settlement.

The record indicates that Raines began receiving workmen's compensation benefits after he stopped working for Klinger on September 9, 1986. While still receiving payments, Raines filed a workmen's compensation claim on November 26, 1986, seeking a judgment that his claim was compensable. Klinger answered on May 19, 1987, *denying liability for Raines' injury and also the compensability of his claim.* Thereafter, notices to take depositions and summons' were issued. According to the record, the trial court did not enter a judgment determining Klinger's liability or the extent or duration of Raines' injury. Raines waited until February 1988, fifteen months after filing his claim, to file his motion for a lump sum settlement.

On March 23, 1988, the trial court heard Raines' motion for a lump sum settlement. Klinger orally moved to dismiss, without prejudice, Raines' motion because it was premature under NMSA 1978, Section 52–1–69 (repealed 1986) (applicable in this case). Klinger argued that while benefits were being paid, any issue as to Raines' disability was premature. The thrust of Raines' claim was that NMSA 1978, Section 52–1–69 discriminated against older workers by prohibiting lump sum award consideration while benefits, which cease at death, continue to be paid. The trial court granted Klinger's motion to dismiss Raines' premature lump sum award claim.

The transcript of the March 23, 1988, hearing indicates that maximum compensation payments were paid throughout these proceedings as follows:

> MR. BRANCH [for Raines]: [E]ven though Mr. Raines has not gotten a check this week, the company has continued to pay....
>
> \* \* \* \* \* \*
>
> THE COURT: The workman's compensation complaint was filed and I assume it was filed because there was a termination of benefits.
>
> MR. BRANCH [for Raines]: That's correct.
>
> THE COURT: However, you advise me now there was a continuation of payment....
>
> MR. SHEPARD [for Klinger]: It's my understanding the benefits have always been paid, never been terminated.... I advised [Raines] all medicals had been paid, benefits had been paid and we would continue to pay them.... [A]s long as we're paying, the determination of the total disability required for lump sum award is moot; it need not be determined.
>
> \* \* \* \* \* \*
>
> THE COURT: I was under the impression that workman's compensation benefits had been terminated; that's the reason you filed the lawsuit. Now I'm told it wasn't.

MR. BRANCH [for Raines]: That's correct.

The trial court permitted Raines to create a record supporting his claim for lump sum payment for appellate purposes but the defendant was not given an opportunity to present his case, and we must keep in mind that this was a proceeding on a motion, not a trial on the merits.

The issue here is whether a plaintiff receiving maximum compensation payments may file a claim to obtain a lump sum settlement. Several New Mexico cases addressing this issue have prohibited such a claim.

The statutory language of NMSA 1978, Section 52-1-69 is clear. *"No claim shall be filed by any workman who is receiving maximum compensation benefits...."* (emphasis added). *Id.* The court in *Armijo v. Co-Con Construction Co.*, 92 N.M. 295, 296, 587 P.2d 442, 443 (Ct.App.), *cert. denied*, 92 N.M. 260, 586 P.2d 1089 (1978), interpreted this mandate to mean that a workman "is denied the right to seek any relief, other than the penalty, which bears upon or is related to receiving compensation benefits.... Naturally, any such claim filed by a workman during the period that maximum compensation payments are received is premature." In *Armijo,* as in the present case, a plaintiff receiving maximum compensation payments filed suit to obtain a lump sum settlement. The *Armijo* court concluded that plaintiff's receipt of maximum compensation benefits barred his claim. *Id.* at 297, 587 P.2d at 444. Accordingly, that court dismissed plaintiff's claim.

Other New Mexico cases have also adhered to the mandate of Section 52-1-69. The court in *Minnerup v. Stewart Bros. Drilling Co.*, 93 N.M. 561, 564, 603 P.2d 300, 303 (Ct.App.), *cert. denied*, 94 N.M. 629, 614 P.2d 545 (1979), reversed a trial court judgment awarding plaintiff a lump sum settlement, where that plaintiff was receiving maximum compensation payments. That court ruled, *"[w]here maximum compensation payments for disability are being paid,* a suit to establish a right to compensation on the basis of total permanent disability is barred, and *there is no authority to lump-sum a total permanent disability which has not been established."* (emphasis added). *Id.* at 564, 603 P.2d at 303.

Similarly, the court in *Neumann v. A.S. Horner, Inc.*, 99 N.M. 603, 605, 661 P.2d 503, 505 (Ct.App.1983), affirmed a trial court's dismissal of plaintiff's lump sum settlement claim where that plaintiff was receiving maximum weekly compensation payments. That court concluded that courts lack authority to award a lump sum settlement, absent an established enforceable right to compensation. "So long as maximum compensation benefits are being paid there is no basis for a compensation claim and, thus, no enforceable right to compensation." *Id.*

These cases clearly indicate that New Mexico law prohibits those receiving maximum compensation benefits from suing to obtain a lump sum settlement. This statute was intended to spare employers from litigation expenses and to encourage employers to voluntarily compensate injured or disabled workers without fear of incurring liability. *Armijo,* 92 N.M. at 296, 587 P.2d at 443. The outcome of the cases cited furthers this intent.

The majority's reliance on *Briscoe v. Hydro Conduit Corp.*, 88 N.M. 568, 544 P.2d 283 (Ct.App.1975), as authority for granting a lump sum award is misplaced. Any ambiguity created by the *Briscoe* decision was clarified in *Minnerup,* which defined the applicability of Section 52-1-69. The *Minnerup* court ruled that Section 52-1-69 applies when an employer, voluntarily and without court order, pays an injured employee maximum compensation benefits. Once Section 52-1-69 applies, it "bars a suit to establish the right to compensation and, thus, bars a lump-sum award where maximum compensation benefits are being paid." *Minnerup,* 93 N.M. at 563-64, 603 P.2d at 302-03.

The majority also cite *Arther v. Western Co. of North America*, 88 N.M. 157, 538 P.2d 799 (Ct.App.), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975), to support their position that Klinger admitted liability by contesting only the lump sum payment at

the March 23, 1988, hearing. I disagree. The facts in *Arther* are markedly distinct from those at bar. In *Arther*, the "defendants admitted death from injuries arising out of and in the course of employment. Their answer did not contest liability for the death; it contested only the propriety of a lump-sum award. The admission in the answer established liability for the death." (citation omitted). *Arther*, 88 N.M. at 159, 538 P.2d at 801. In the present case, Klinger's answer expressly *denied* liability for Raines' injuries and the compensability of his claim. There was *no admission* to serve as a basis for establishing Klinger's liability or Raines' right to compensation. Also, no judgment of liability was rendered. Thus, *Arther* does not apply to the present facts.

In the case at bar, Raines filed a claim for a lump sum settlement while receiving voluntary maximum compensation benefits from Klinger. According to *Minnerup* and the other cases cited Section 52–1–69 applies to Raines, barring his claim for a lump sum settlement. Therefore, Raines' claim should be dismissed as premature. Klinger did not admit liability and there was no judgment establishing Raines' right to compensation which would change this result. This result comports with the mandatory statutory language and legislative intent of Section 52–1–69. The majority's result derogates New Mexico law and the strong policies supporting that law. Our responsibility is limited to interpreting the law as we understand it, not to making new law which satisfies our concepts of right or wrong. *State v. Pace*, 80 N.M. 364, 371, 456 P.2d 197, 204 (1969). The cases I have cited above exemplify this well settled doctrine. If a change in legislation is needed, it would more properly be handled by the legislature. For the foregoing reasons, I dissent.

SCARBOROUGH, C.J., and STOWERS, J., concur.