487 P.2d 202

Joe I. MONTOYA, Plaintiff-Appellant,

v.

ZIA COMPANY, employer, and United States Fidelity and Guaranty Company, insurer, Defendants-Appellees.

No. 658.

Court of Appeals of New Mexico.

July 2, 1971.

James A. Scarborough, Espanola, for plaintiff-appellant.

Frank Andrews, Owen Lopez, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fc, for defendants-appellees.

OPINION

SUTIN, Judge.

This is an appeal from a summary judgment for defendants in a workmen's compensation case. Montoya's motion for summary judgment was denied.

We affirm.

The issues raised on appeal are: (1) Did the defendants fail to pay workmen's compensation installments within the provisions of § 59–10–13.5, N.M.S.A.1953 (Repl. Vol. 9, pt. 1); and (2) Was Montoya entitled to summary judgment as a matter of law?

In his complaint filed May 12, 1970, Montoya alleged "That the Defendant has failed *and* refused to pay *an* installment of compensation to which the Plaintiff workman was and is entitled." [Emphasis added]. The defendants denied this allegation, and, by way of further answer thereto, stated that the plaintiff had been paid compensation to date (i. e., May 26, 1970), and that there was no intention on the part of the defendant insurer to stop making the compensation payments at that time. The first defense was that the action was premature.

The record affirmatively shows that the payments were made. So far as the theory of the complaint is concerned, summary judgment was properly granted.

On appeal, Montoya left the theory of the complaint and relied solely on failure to make timely payments during the months of March, April, and May, 1970. The record does show a failure to pay installments within the required sixteen day interval on two occasions—one in April and one in May. See § 59–10–13.5, supra. The record also shows that these two installments, although paid late, were nevertheless paid. Thus, defendants, on two occasions, were in technical default. While such a default is not condoned, see Moody v. Hastings, 72 N.M. 132, 381 P.2d 207 (1963), the workmen's compensation claim based on this default is moot because liability for those installments was extinguished by the payment. Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). There being no contention that medical benefits are involved, the only other aspect of the claim is that of attorney fees. As to these, the record affirmatively shows defendants paid the installment payments in issue voluntarily and that the check for the second delinquent installment (the one in May) was issued the day before the complaint was filed. Thus, there is no issue as to attorney fees in connection with the two technically delinquent installments. See § 59–10–25(D), N.M.S.A.1953 (Repl.Vol. 9, pt. 1).

As far as we know, defendants are still making installment payments and making them timely. At any time defendants may be in default under our Workmen's Compensation statute, plaintiff is free to file a claim based on that default. The issue in this appeal, at most, involved compensation installments during March, April and a portion of May, 1970.

Montoya's motion for summary judgment was properly denied.

Defendants' answer brief raised an additional defense which they assert was considered by the trial court in the hearing for summary judgment—the failure of Montoya to appear for his deposition. See § 21–1–1(37) (d), N.M.S.A.1953 (Repl.Vol. 4), Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65 (1963). In his reply brief, Montoya did not mention this defense. This court has the right to take defendants' statements as true. 5 C.J.S. Appeal and Error § 1345. Inasmuch as we have decided this case on other grounds, we do not find it necessary to determine this interesting question.

Plaintiff sought a summary judgment against defendants on three grounds—failure to pay an installment of compensation, lack of timeliness in the payments, and on the basis that he was permanently and totally disabled. The first two of these grounds have been disposed of by our previous discussion.

The claim of total and permanent disability is based on plaintiff's affidavit and a medical report. But the extent of the disability is an issue of fact to be determined at a trial if defendants discontinue their payment of maximum compensation installments. See George v. Miller & Smith, 54 N.M. 210, 219 P.2d 285 (1950); Goolsby v. Pucci Distributing Company, 80 N.M. 59, 451 P.2d 308 (Ct.App.1969).

Defendants' summary judgment is affirmed. The denial of Montoya's summary judgment is affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.