616 P.2d 429

**Alex TAFOYA, Jr., Plaintiff-Appellant,**

v.

**LEONARD TIRE COMPANY, INC., Employer, and Western Insurance Companies, Insurer, Defendants-Appellees.**

**No. 4460.**

Court of Appeals of New Mexico.

July 31, 1980.

Victor Roybal, Jr., Roybal & Crollett, Albuquerque, for plaintiff-appellant.

Joe L. McClaugherty, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for defendants-appellees.

OPINION

WOOD, Chief Judge.

Plaintiff was awarded workmen's compensation in 1977 for an injury suffered in 1976. In 1979 plaintiff moved for an increase in compensation benefits on the basis that his disability had increased. Section

52–1–56(A), N.M.S.A. 1978. The motion was denied; plaintiff appeals. There are two issues: (1) partial disability and (2) attorney fees.

*Partial Disability*

Findings entered in connection with the 1977 trial were that the injury consisted of bilateral bicipital tendonitis; that there was no problem with the right shoulder after September 28, 1976; that surgery had been performed on the left shoulder; that plaintiff had full motion and was physically capable of using the left shoulder; that full evaluation could not be made "until Plaintiff has used the left shoulder in actual employment involving heavy physical activity." Another finding was that plaintiff's "limitation on returning to work at his usual task at Leonard Tire Company, at this time, is that he is out of shape not having worked since August 29, 1976  .  .  .  ."

The compensation benefits awarded in connection with the 1977 trial were for temporary total disability to May 10, 1977 and temporary partial disability of 15 percent for eight weeks "[b]ecause he is out of shape".

In connection with the 1979 hearing, the trial court refused to find that plaintiff was partially disabled. Plaintiff contends this was error. We disagree.

■ Plaintiff's work history shows his predominant employment has been as a cook; plaintiff had worked as a cook a substantial period of time after the 1977 trial, and was working as a cook at the time of the 1979 hearing on his motion. There is evidence that subsequent to the 1977 trial, plaintiff had worked at other jobs for which he was fitted. There is medical evidence that plaintiff had no physical impairment and had no disability. There is evidence that plaintiff could perform the work he was performing for Leonard Tire Company at the time of the 1976 injury, that Leonard Tire Company had offered to reemploy plaintiff and plaintiff refused the offer of employment. There is evidence that upon applying for employment as a cook, after the 1977 trial, plaintiff stated in his employment application that he had never been injured. This evidence fully supports the trial court's refusal to find a partial disability and fully supports its conclusion that plaintiff "has suffered no increase of the disability he was suffering at the time of the trial in May of 1977."

■ The fact that the trial court found some physical impairment does not require us to hold that plaintiff has a disability. Physical impairment does not automatically equate with disability. *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980). The fact that the impairment found to exist "is caused by pain" does not make the trial court's decision erroneous because nondisabling pain is not compensable. *Gomez v. Hausman Corporation,* 83 N.M. 400, 492 P.2d 1263 (Ct.App. 1971). There is evidence that plaintiff is fully able to perform the work he was doing at the time of the 1976 injury, and fully able to perform work for which he is fitted. Plaintiff's complaints of pain did not establish, as a matter of law, that plaintiff was disabled. The evidence in this case differs substantially than the evidence in *Barger v. Food Sales Company, Inc.,* 89 N.M. 25, 546 P.2d 873 (Ct.App. 1976).

■ Plaintiff contends the trial court disregarded "uncontroverted" evidence of an occupational disability specialists that plaintiff had a disability of 20–to–25 percent. The answer is that plaintiff relies on only selected portions of this testimony. The specialist's disability opinion was based on a supposed lack of effectiveness and efficiency by plaintiff in working as a cook. There is substantial evidence of no lack of effectiveness and no lack of efficiency. In addition, the specialist admitted, on cross-examination, that if plaintiff's alleged pain did not interfere with plaintiff's function, there was no disability.

The trial court did not err in denying benefits for alleged partial disability.

*Attorney Fees*

Plaintiff was awarded attorney fees in connection with the 1977 trial. No attorney fees were awarded in connection with the

1979 hearing on the motion to increase disability benefits.

In connection with the 1979 hearing, the trial court directed defendants to pay medical expenses of $49.31. *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975) held "that medical expenses are compensation for the purpose of allowing attorney fees under" § 52–1–54(D), N.M.S.A. 1978. Because defendants were directed to pay $49.31 in medical benefits, plaintiff claims that the trial court erred in refusing to award attorney fees. We disagree.

*Schiller* relied on the statutory language of § 52–1–54(D), supra, and that is the applicable statutory language in this case. The statute provides for attorney fees "in all cases where compensation to which any person shall be entitled . . . shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing . . . ."

(a) Refusal to Pay

For an award of attorney fees under § 52–1–54(D), supra, there must have been a refusal to pay compensation benefits. In this case, for there to be an award of attorney fees, there must have been a refusal to pay the medical benefits of $49.31.

Plaintiff testified that the $49.31 item was the amount he had paid for two prescriptions. Because defendants knew in advance of the hearing (through answers to interrogatories and the deposition of plaintiff) that plaintiff would seek recovery for some prescription bills, plaintiff contends defendants are liable for attorney fees because they did not offer to pay the $49.31 in advance of the hearing. On cross-examination plaintiff testified that he turned the prescription bills over to his attorney, admitted that he had no knowledge that the prescription bills had ever been submitted for payment, and admitted that he had no knowledge of a submitted bill that had not been paid. Upon inquiry by the trial court, defendants stated there was no dispute as to their obligation to pay for the two prescriptions.

There being no dispute as to defendants' liability for the prescriptions, cases involving liability for medical services are not in point. See *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App. 1977) and cases therein cited. What is involved is whether there was a refusal to pay. There is no evidence that, in advance of the hearing, defendants were asked to pay or refused to pay for the two prescriptions.

(b) Court Proceedings

For an award of attorney fees under § 52–1–54(D), supra, plaintiff must have collected compensation through court proceedings. Defendants' obligation to pay for the prescriptions was established in the 1977 judgment; that judgment provided that defendants were to pay medical and related benefits "as long as medical or surgical attention is reasonable and necessary for treatment of plaintiff's injury".

Plaintiff did not collect compensation (the prescription bills) through court proceedings in connection with the 1979 hearing. Defendants' liability for the $49.31 was established by the 1977 judgment and defendants have never disputed that liability.

If the terms of the statute pertaining to attorney fees have not been met, there was no error in failing to award attorney fees. Compare *George v. Miller & Smith*, 54 N.M. 210, 219 P.2d 285 (1950). Plaintiff seeks an award of attorney fees on the basis of prescription bills the defendants were obligated to pay, but had not been asked to pay. Plaintiff cannot obtain an award of attorney fees on the basis of unpaid bills by the device of turning the bills over to his attorney and not requesting payment; such does not bring plaintiff within the terms of § 52–1–54(D), supra.

Plaintiff asserts our disposition of the attorney fee question considers matters raised by defendants for the first time on appeal; that defendants failed to submit requested findings "concerning the submission and dispute of past unpaid medical

expenses." This argument is spurious. Plaintiff requested the trial court to award attorney fees; the trial court refused. Plaintiff appealed that refusal; not defendants. In arguing that the trial court's refusal was correct, defendants point to evidence introduced without objection and to the 1977 judgment. The submission and dispute of unpaid medical expenses is simply a matter of the evidence, and that evidence resulted in the trial court rejecting plaintiff's requested award.

The trial court did not err in refusing to award attorney fees. This result does not conflict with the policy considerations stated in *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979) for setting the amount of attorney fees when there is a successful claimant.

The judgment of November 14, 1979 is affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.