661 P.2d 1331

**Norma PATTERSON, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, a Self-Insured Employer, Defendant-Appellee.**

**No. 5897.**

Court of Appeals of New Mexico.

March 17, 1983.

Certiorari Denied April 22, 1983.

David H. Pearlman, P.A., Albuquerque, for plaintiff-appellant.

Robert C. Gutierrez, Asst. City Atty., City of Albuquerque, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

Plaintiff's complaint for worker's compensation benefits alleged an on-the-job injury resulting in total permanent disability. The complaint alleged that defendant was paying "benefits for a total disability in the sum of $91.46 per week" and that this amount was low by $11.57 per week. Defendant moved to dismiss alleging the claim was premature under § 52–1–69, N.M.S.A. 1978. The motion stated: "Plaintiff has never been denied weekly compensation benefits nor medical payments . . . and is still receiving compensation at this time." The issue raised by the complaint and motion was the maximum amount of plaintiff's weekly benefits for a total disability.

The trial court authorized discovery concerning the calculation of plaintiff's weekly wage. Discovery showed that defendant was paying maximum compensation benefits if plaintiff's average weekly wage was figured under § 52–1–20(B)(4), N.M.S.A. 1978, but was short by $5.38 per week (for a total of $96.84) if figured under § 52–1–20(C). *See Kendrick v. Gackle Drilling Company,* 71 N.M. 113, 376 P.2d 176 (1962).

Defendant states that the trial court ruled that the average weekly wage should be figured under § 52–1–20(C) for weekly benefits of $96.84. Defendant also states that the trial court "informally ordered" defendant to pay the arrearage of $5.38 per week and to pay benefits (the maximum in this case) of $96.84 per week. No orders of the trial court support these assertions of defendant, however, there is no dispute concerning them. Plaintiff's brief recognizes that the amount of weekly compensation benefits paid by defendant was increased "to maximum benefits" after suit was filed.

After defendant's compliance with the "informal" ruling, the trial court granted defendant's motion to dismiss. Plaintiff appeals.

Plaintiff's argument has three points.

First, she asserts that dismissal on the basis that the complaint was prematurely filed was erroneous. This is correct, but not dispositive. The lack of dispute that weekly benefits were increased as a result of discovery proceedings after suit was filed shows that maximum benefits were not being paid when suit was filed and, thus, the complaint was not premature under § 52–1–69. This is not dispositive because it is not disputed that the arrearages have been paid and maximum weekly benefits are being paid.

Second, the parties dispute whether the order of dismissal, without prejudice, is an appealable order. It is unnecessary to consider this contention because plaintiff's claim is moot.

Third, plaintiff contends that the claim is not moot. The brief-in-chief states: "Patterson had the right to have the trial court decide the undetermined issues of the totality and permanency of her injury and her arrearages." The payment of the arrearages and the continuing payment of maximum benefits does not satisfy plaintiff. The reply brief states that the order of dismissal precludes her from a "determination of her claim of a total, permanent disability and for 350 weeks [apparently the number of

weekly benefits remaining under the statute] she must remain prepared to come back to court to prove that claim if The City ever reduces or terminates her benefits."

The answer to this third contention is that plaintiff is being paid maximum weekly compensation benefits, that arrearages have been paid, that an attorney fee was awarded and paid in connection with the trial court proceedings, and that there is no issue as to other benefits under the compensation statute. The claim based on defendant's miscalculation of the amount of weekly benefits is moot because liability for that miscalculation was extinguished by the payment. Should defendant fail to pay benefits to which plaintiff is entitled, plaintiff may bring another suit on the basis of that failure. *Montoya v. Zia Company,* 82 N.M. 774, 487 P.2d 202 (Ct.App.1971).

The order of dismissal is affirmed. No fee is awarded for the services of plaintiff's attorney in this appeal.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.