733 P.2d 1

Jimmy **MAITLEN**, Plaintiff-Appellant,

v.

**GETTY OIL COMPANY**, Employer, and Travelers Insurance Company, Insurer, Defendants-Appellees.

No. 9617.

Court of Appeals of New Mexico.

Jan. 6, 1987.

Jay L. Faurot, Farmington, Winston Roberts-Hohl, Santa Fe, for plaintiff-appellant.

Alice Tomlinson Lorenz, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellees.

## OPINION

ALARID, Judge.

This workmen's compensation case requires us to determine (1) whether a dismissal without prejudice on the ground the complaint is premature is a final, appealable order, and (2) whether NMSA 1978, Section 52-1-69, prohibiting claims by workers who are receiving maximum compensation benefits applies to vocational rehabilitation benefits. We hold that a dismissal without prejudice may be appealed and Section 52-1-69 does not apply to vocational rehabilitation benefits.

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint for workmen's compensation benefits. In it, he sought a judgment for "compensation, medical treatment, vocational rehabilitation expenses and attorney's fees." Defendants' answer admitted the accident arising out of and in the course of employment, but denied that plaintiff was entitled to vocational rehabilitation expenses, denied that they had refused to pay compensation and denied that plaintiff was entitled to attorney fees. They also claimed that the suit was premature under Section 52-1-69.

Following some discovery, defendants moved for summary judgment. Proceedings on the motion showed that defendants had paid plaintiff all of the installments of compensation and medical benefits to which he was entitled. The only disputed issue was plaintiff's entitlement to vocational rehabilitation expenses. On this issue, the showing was that defendants had plaintiff evaluated for vocational rehabilitation, but that plaintiff informed the evalu-

ators that he was not motivated to change jobs. Plaintiff had returned to his old job and was performing it, albeit with difficulty. The first time defendants knew that plaintiff wanted vocational rehabilitation benefits was when the suit was filed; the first time plaintiff personally told defendants that he wanted vocational rehabilitation benefits was during his deposition.

Summary judgment was granted and plaintiff appealed. Plaintiff's contention was that the court erred in granting summary judgment because there was a genuine issue of material fact concerning whether plaintiff was able to return to his former job. Our calendaring notice proposed summary reversal because we perceived a factual question as to whether plaintiff was able to return to his former job. We said that, because a person can be working and still be wholly able to perform his usual tasks, *Davis v. Homestake Mining Co.*, 25 SBB 976 (Ct.App.1986), and because the compensation act is to be construed liberally in favor of the employee, *id.*, we believe that a person can return to his former job and still be eligible for vocational rehabilitation expenses if the evidence showed difficulties in performing the former job.

We also addressed the issue of prematurity under Section 52-1-69, recognizing that we were required to affirm the trial court if any reason for affirmance exists. *Scott v. Murphy Corp.*, 79 N.M. 697, 448 P.2d 803 (1968). On this issue, we relied on *Minnerup v. Stewart Brothers Drilling Co.*, 93 N.M. 561, 603 P.2d 300 (Ct.App. 1979), for the proposition that Section 52-1-69 only applies to installments of compensation benefits.

Defendants filed a timely memorandum in opposition to summary reversal, arguing that the appeal ought to be dismissed because no appeal will lie from an order which is not final, such as a dismissal without prejudice, *see Armijo v. Co-Con Construction Co.*, 92 N.M. 295, 587 P.2d 442 (Ct.App.1978); *Ortega v. Transamerica Insurance Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977); *Chavez v. Chenoweth*, 89

N.M. 423, 553 P.2d 703 (Ct.App.1976), and that the suit was properly dismissed as premature. Our second calendaring notice again proposed summary reversal, proposing to reject both defendants' arguments. Defendants have again filed a timely memorandum in opposition.

Although defendants take no issue with this court's resolution of the question of its jurisdiction over the appeal from an order that was alleged to be not final, we take this opportunity to explain why we have jurisdiction because this is the second case coming before this court in which this issue was initially raised and then abandoned. Defendants also concede that there are genuine issues of fact surrounding the question of whether plaintiff was able to return to his former job. In light of the concession, we discuss that issue no further. We are not persuaded by defendants' arguments concerning why this suit is premature; therefore, we reverse.

## JURISDICTION

*Armijo, Ortega* and *Chavez* are to the effect that a dismissal without prejudice is not a final order from which appeal may be taken because a dismissal without prejudice ordinarily imports further proceedings. We take no issue with these cases to the extent that the dismissal without prejudice in them did, in fact, import further proceedings. *See Ortega; Chavez.* However, in a workmen's compensation case, such as *Armijo,* when the trial court dismisses on the ground that the worker is being paid all the compensation to which he is entitled, the order in effect terminates the suit and puts the case out of court without an adjudication on the merits.

■ In *Bralley v. City of Albuquerque,* 102 N.M. 715, 699 P.2d 646 (Ct.App. 1985), this court held that such an order would be appealable. In determining whether an order is final for purposes of appeal, this court looks to the substance rather than the form of the order. *Johnson v. C & H Construction Co.,* 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). The effect of a ruling that a dismissal without prejudice on grounds of prematurity in a workmen's compensation case is not final would be that the worker would never be entitled to review of the trial court's determination that he was receiving full benefits. Such an order is sufficiently final to be appealable. *Bralley.* Accordingly, we take jurisdiction of this appeal and overrule *Armijo* to the extent it is inconsistent with our decision today.

## PREMATURITY

Defendants rely on Section 52–1–69 and NMSA 1978, Section 52–1–31(A), as authority for the proposition that plaintiff cannot maintain this suit because he did not, prior to commencing this suit, seek vocational rehabilitation benefits nor was he refused them before commencing this suit. Defendants also rely on the "principles of fundamental fairness" which govern the interpretation of the Act.

■ Section 52–1–69 provides: "No claim shall be filed by any workman who is receiving maximum compensation benefits...." Our calendaring notices relied on *Minnerup* to refute defendants' contention that Section 52–1–69 applied to vocational rehabilitation benefits. Specifically, we held, in *Minnerup,* that " '[c]ompensation' in § 52–1–69, supra, refers to payments of compensation for disability; 'compensation' in § 52–1–69, supra, does not refer to medical benefits." *Id.* 93 N.M. at 564, 603 P.2d at 303. We reasoned that if compensation applies to installments of disability benefits and not medical benefits, then it follows that compensation does not refer to vocational rehabilitation benefits. Moreover, NMSA 1978, Section 52–1–50 (Cum.Supp. 1985) provides for vocational rehabilitation benefits "[i]n addition to the medical ... [benefits]." The wording of the statute on vocational rehabilitation benefits indicates a legislative intent to treat them like medical benefits as opposed to installments of compensation for disability.

■ Defendants' second memorandum in opposition appears to recognize that Section 52–1–69 does not bar the suit because

it relies exclusively on Section 52–1–31(A). That statute provides in part:

If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled ... it is the duty of the workman insisting on the payment of compensation to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation.

Defendants read into this statute a requirement that the employer or insurer must refuse to pay before any cause of action accrues. The problem with defendants' reliance on Section 52–1–31(A) is, again, that we have cases holding that it only applies to installments of compensation for disability and does not apply to medical benefits. *E.g., Valdez v. McKee*, 76 N.M. 340, 414 P.2d 852 (1966); *Nasci v. Frank Paxton Lumber Co.*, 69 N.M. 412, 367 P.2d 913 (1961). Indeed, these cases were the basis for the decision in *Minnerup.*

 Defendants argue that fundamental fairness requires that they be given a chance to voluntarily pay for vocational rehabilitation benefits before being subjected to suit. Our calendaring notice responded that the principle found in *Tafoya v. Leonard Tire Co.*, 94 N.M. 716, 616 P.2d 429 (Ct.App.1980) (attorney fees will not be awarded for securing benefits when the desire for those benefits has not been communicated to defendants), would adequately deter workers from filing suits based on desires to which defendants have not been given the opportunity to respond. Defendants disagree and state that they still have litigation expenses, including their own attorney fees, court costs, costs associated with discovery, and the like, which are not reimbursed. Defendants contend that they had to take depositions and expend time in order to file their motion for summary judgment. Defendants urge this court to further protect them from these costs by holding that a worker cannot file suit for any benefits until he has requested them and they have been refused. After all, conclude defendants, affirming the lower court's decision would do no more than

require plaintiff to make a simple request; if the request is granted, that would be the end of the matter; if the request is denied, plaintiff could then file suit.

Notwithstanding defendants' arguments, we see nothing fundamentally unfair to require defendants to give plaintiff their answer to his request in the context of this suit. Nothing prevented defendants from admitting they were liable for the vocational rehabilitation benefits if, indeed, it was their intent to pay them; yet, they denied liability. Nothing prevented defendants from using less costly discovery devices to elicit plaintiff's admission that he had not been denied installments of compensation, medical benefits, or vocational rehabilitation benefits that were requested.

In sum, neither Section 52–1–31(A) nor–69 bars this suit. Nor do principles of fundamental fairness or policy reasons require that plaintiff make a request for and be denied vocational rehabilitation benefits before he can make a claim for them in court. The prevention of unwarranted litigation is equally served by the ruling prohibiting plaintiff from recovering attorney fees.

The summary judgment is reversed.

**IT IS SO ORDERED.**

DONNELLY and GARCIA, JJ., concur.