758 P.2d 803

Robertson REDHOUSE,
Plaintiff–Appellant,

v.

**PUBLIC SERVICE COMPANY OF
NEW MEXICO, a New Mexico
Corporation, Defendant–Appellee.**

Michael JACQUEZ, Plaintiff–Appellant.

v.

**PUBLIC SERVICE COMPANY OF
NEW MEXICO, a New Mexico
Corporation, Defendant–Appellee.**

Nos. 10161, 10162.

Court of Appeals of New Mexico.

April 19, 1988.

Certiorari Denied June 24, 1988.

Charles R. Finley, Warner & Finley, Albuquerque, for plaintiffs-appellants.

Barbara Albin, Larry Heyeck, Keleher & McLeod, P.A., Albuquerque, for defendant-appellee.

## OPINION

ALARID, Judge.

Plaintiffs appeal the dismissal of their worker's compensation claims. The appeals were consolidated pursuant to our first calendar notice. Plaintiffs' brief-in-chief raises two issues on appeal: (A) whether their suits were properly dismissed as premature, and (B) whether their suits were properly dismissed as moot. Plaintiffs raised a third issue concerning attorney fees in their docketing statements; however, this issue has been incorporated into plaintiffs' second issue. In resolving this consolidated appeal, we need only resolve the second issue.

Plaintiffs assert that their claims are not moot for two reasons: (1) that attorney fees are unresolved in both cases, and (2) that defendant improperly credited its payment of paid accident leave toward its liability for worker's compensation benefits. Jacquez also argues that his suit was not moot because there was an unpaid medical bill still at issue. We affirm the dismissal of both claims to establish the right to compensation, but reverse as to Jacquez's claim for payment of the medical bill.

Redhouse was injured on February 14, 1985, and Jacquez was injured on October 1, 1984. Both received paid accident leave for a short period of time after their injuries. Paid accident time is equivalent to the worker's full-time wage. It is paid in lieu of worker's compensation benefits until defendant knows whether an employee will be out for an extended period of time,

in which case the employee will receive worker's compensation benefits. The payroll department continues to pay accident leave until the accounts payable department starts paying worker's compensation benefits. The employee's supervisor codes the injured employee's time slips to indicate that the employee is receiving paid accident leave.

At the discretion of the supervisor, the employee may receive supplemental income in addition to worker's compensation benefits. Supplemental income is the difference between worker's compensation and an employee's regular salary. Supplemental income can continue for up to five months from the employee's injury, but any paid accident leave is credited toward supplemental income.

Redhouse began receiving worker's compensation benefits on March 4, 1985, at an incorrect weekly rate. He also received supplemental income from March 4 until July 13, 1985. Jacquez began receiving worker's compensation benefits on November 5, 1984, also at an incorrect weekly rate. Jacquez also received supplemental income from November 5, 1984 until March 2, 1985. Plaintiffs' attorney formally informed defendant, by separate letters on March 5th and 6th, of the discrepancy in plaintiffs' weekly compensation amounts. Defendant responded by letter dated March 10, 1986, indicating that it would review plaintiffs' payroll histories. Plaintiffs' complaints for worker's compensation were filed April 2, 1986.

Defendant subsequently moved for summary judgment. The trial court dismissed both cases on the ground that they were prematurely filed. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Westgate Families v. County Clerk of Los Alamos,* 100 N.M. 146, 667 P.2d 453 (1983); *see Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972). A reviewing court looks to the whole record and views matters in the light most favorable to support a trial on the merits. *North v. Public Serv. Co.,* 97 N.M. 406, 640 P.2d 512 (Ct.App.1982).

Also, the decision of a trial court is to be upheld if correct for any reason. *H.T. Coker Constr. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974).

■ Plaintiffs do not contest defendant's assertion that it has paid all worker's compensation arrearages due to its incorrect calculation of benefits. Accordingly, plaintiffs' claims for these arrearages are moot. *See Patterson v. City of Albuquerque,* 99 N.M. 632, 661 P.2d 1331 (Ct.App. 1983). Plaintiffs also make no claim that defendant refused to pay these arrearages. Consequently, plaintiffs have no right to attorney fees for these arrearages. *See* NMSA 1978, § 52-1-54 (Orig.Pamp.) (revised in 1987). *See also Tafoya v. Leonard Tire Co.,* 94 N.M. 716, 616 P.2d 429 (Ct.App.1980). Plaintiffs' counter-argument, based on *Cromer v. J.W. Jones Constr. Co.,* 79 N.M. 179, 441 P.2d 219 (Ct.App.1968), *overruled on other grounds, Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975), is misplaced. In *Cromer,* the defendant believed it had negotiated a lump sum settlement with the plaintiff and therefore had no duty to pay installments. Accordingly, defendant refused to pay installments. The facts are otherwise in this case. Hence, plaintiffs' assertion that their claims are not moot due to undetermined attorney fees for the arrearages is without merit.

■ Plaintiffs' assertion that defendant's act of crediting the paid accident leave toward its worker's compensation liability precludes a determination that plaintiffs' claims are moot is also without merit. We believe that defendant may properly credit its payment of accident leave toward its worker's compensation liability. The parties all agree that *Carter v. Mountain Bell,* 105 N.M. 17, 727 P.2d 956 (Ct.App. 1986), is not controlling here since defendant had no contractual plan or policy of the type considered in *Carter.* Moreover, plaintiffs do not disagree with defendant's claim that its paid accident leave is nothing more than an accounting label for an employee's straight time wages.

Defendant's claim that paid accident leave is actually another label for wages is supported by uncontradicted deposition testimony of Vicki Abercrombie, defendant's worker's compensation administrator. Ms. Abercrombie essentially testified that paid accident leave is simply the continuation of an employee's straight time wages, paid by the payroll department, and coded as such on the employee's time slips until it is determined that the employee would be absent for an extended period, at which time compensation is changed from actual wages to worker's compensation benefits. Ms. Abercrombie also testified that the payment of accident leave was in lieu of worker's compensation.

We believe defendant could properly credit its accident leave payments toward its worker's compensation liability pursuant to *Roybal v. County of Santa Fe,* 79 N.M. 99, 440 P.2d 291 (1968). In *Roybal,* our supreme court determined that the allowance of credit for payment of wages toward worker's compensation is dependent upon the employer's intent. The supreme court indicated that whether an injured employee really earned his wages was the most important measure of the employer's intent. If the employee is paid his regular wage although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. *Id.*

In the instant case, we have direct, uncontradicted testimony that the wages were paid in lieu of worker's compensation benefits. It is also uncontested that the employees did not perform any work while receiving paid accident leave. Based upon these facts, defendant may properly credit its paid accident leave payments towards its worker's compensation liability. *See Roybal v. County of Santa Fe.* We find plaintiffs' assertion that *Roybal* was limited to its facts unpersuasive. Furthermore, plaintiffs' claim that the *Roybal* case was considered unusual is of no aid here. *Roybal* is unusual because the plaintiff's position as the elected sheriff established his right to his salary and to worker's compensation benefits, even though he was unable to fully perform his required duties after a serious car accident in the course of his employment. Also, plaintiffs' reliance on *Hathaway v. New Mexico State Police,* 57 N.M. 747, 263 P.2d 690 (1953), is misplaced. In *Hathaway,* the supreme court considered whether the plaintiff's suit was premature since the employer continued to pay plaintiff's salary and the salary was equivalent to worker's compensation benefits. The supreme court declined to hold that payment of salary suspended the right to sue under the Act. Thus, *Hathaway* left the credit issue to be decided later in *Roybal.*

We believe that *Roybal* controls the resolution of these consolidated appeals. Defendant is entitled to credit for its payment of paid accident leave toward its worker's compensation liability. Since plaintiffs are not entitled to both paid accident leave and worker's compensation under the facts of this case, claims to establish their right to compensation are moot and were properly dismissed. *See Patterson v. City of Albuquerque; H.T. Coker Constr. Co. v. Whitfield Transp., Inc.* Therefore, no attorney fees are permitted for seeking additional recovery. *See Tafoya v. Leonard Tire Co.*

Finally, the parties agree that the part of Jacquez's complaint seeking payment of a medical bill was improperly dismissed by the trial court. We agree with the parties. *See Briscoe v. Hydro Conduit Corp.,* 88 N.M. 568, 544 P.2d 283 (Ct.App.1975). Hence, the trial court is reversed to the limited extent that Jacquez may seek payment of the medical bill. However, since Jacquez has yet to establish his right to medical expenses, this court cannot award him any attorney fees. *Cf. Schiller v. Southwest Air Rangers, Inc.*

For the foregoing reasons, we affirm the dismissal of plaintiffs' claims to establish their right to worker's compensation, but reverse the dismissal of that part of Jacquez's claim seeking payment of the medical bill. Should the trial court determine that defendant is liable for the medical bill, then it should consider the appellate efforts of Jacquez's attorney to preserve the claim. We deem oral argument unnecessary.

*Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.