871 P.2d 9

**Donna BENAVIDEZ, Claimant–Appellant/Cross–Appellee,**

v.

**BLOOMFIELD MUNICIPAL SCHOOLS, Employer, and New Mexico Public School Insurance Authority, Insurer, Respondents – Appellees/Cross – Appellants.**

**No. 14233.**

Court of Appeals of New Mexico.

Feb. 4, 1994.

Victor A. Titus, Titus & Gurley, Farmington, for claimant-appellant/cross-appellee.

David L. Skinner, Pelton & O'Brien, Albuquerque, for respondents-appellees/cross-appellants.

## OPINION

APODACA, Judge.

Donna Benavidez (Worker) appeals the decision of the workers' compensation judge (judge) that she was not entitled to additional workers' compensation benefits from the Bloomfield Municipal Schools (Employer) because the statute of limitations had run before she filed her claim. Employer cross-appeals, contending that (1) because Worker's claim was barred by the statute of limitations, the award of vocational rehabilitation benefits was improper; and (2) the judge's award of $800 in attorney fees was an abuse of discretion because it was based on an improper determination of the present value of Worker's award and because it was based in part on the future value of vocational rehabilitation benefits. We hold that substantial evidence supported the judge's conclusion that the statute of limitations had run on Worker's claim. We also hold that the judge did not err in awarding vocational rehabilitation benefits even though the statute

of limitations had run on Worker's claim, and that the judge did not abuse his discretion in the award of attorney fees. We thus affirm both on the direct appeal and the cross-appeal.

DISCUSSION

### 1. Worker's Appeal.

Worker was employed as a custodian. Her job duties included dusting, washing windows and walls, vacuuming, scrubbing and waxing floors, shampooing carpets, cleaning restrooms, working on ladders, replacing light bulbs, and throwing out trash. She was injured in her right shoulder in the course and scope of her employment on August 29, 1988. She was paid temporary total disability benefits for this injury from November 25, 1988, to December 5, 1988. She returned to her normal work on December 5, 1988, and worked until March 6, 1991. During that time, she did not miss work. However, she continued to have pain in her shoulder, took medication for the pain from the time of the injury, and was under the care of her primary physician, Dr. Burns.

On February 13, 1989, Worker requested a transfer to an area that was smaller than the area she had been responsible for working in at that time. She was not transferred. On February 27, 1989, Dr. Burns referred Worker to an orthopedic surgeon, Dr. Kloberdanz, whom she first saw on March 2, 1989. Dr. Kloberdanz told Worker to work with her right arm next to her body to avoid stretching her shoulder. Worker did not follow this advice because she stated that she could not do her job in this manner; she continued to do her job unchanged. She also began using a "TENS unit" and continued to have pain. An MRI taken in February 1991 showed a rotator cuff tear in Worker's right shoulder. Afterward, on March 6, 1991, she left work because of increasing pain in her shoulder. Employer paid total disability benefits from March 6, 1991, to May 7, 1991. No benefits have been paid since that time. Worker filed her claim for workers' compensation benefits on October 16, 1991.

The judge found that Worker was 5% temporarily partially disabled from February 27, 1989, to March 6, 1991, and that she had a permanent physical impairment of 10%.

However, the judge concluded that Worker was not entitled to additional weekly benefits because the statute of limitations began to run on her claim on February 27, 1989, and therefore expired before she filed her claim on October 16, 1991.

■ NMSA 1978, Section 52–1–31(A) (Repl.Pamp.1991), requires a worker to file a claim for compensation within one year after the failure or refusal of the employer to pay compensation. Because an employer has thirty-one days from the date of the disability in which to pay the first installment of benefits and because the period of limitations is tolled for up to one year if the worker remains with the same employer, a worker has a maximum of two years and thirty-one days in which to file a claim for benefits. *ABF Freight Sys. v. Montano,* 99 N.M. 259, 260 n. 1, 657 P.2d 115, 116 n. 1 (1982); NMSA 1978, § 52–1–30 (Repl.Pamp.1991); § 52–1–31(A). The statute of limitations is triggered when a worker knows or should have known that he or she has a compensable injury. *Smith v. Dowell Corp.,* 102 N.M. 102, 104, 692 P.2d 27, 29 (1984); *Duran v. New Jersey Zinc Co.,* 83 N.M. 38, 487 P.2d 1343 (1971).

■ Worker contends that there is no evidence that she knew or should have known that she had a compensable injury on February 27, 1989, the day the judge concluded statute of limitations began to run. Worker points to the undisputed fact that she performed all her job duties without assistance until March 6, 1991, as evidence that she could not have known she had a compensable injury until March 6, 1991, and that in fact she did not have a compensable injury until then. However, in light of other substantial evidence in the record, the fact that she continued to perform all her job duties until March 6, 1991, does not require reversal of the judge's decision.

■ We review decisions of the Workers' Compensation Administration for substantial evidence on the whole record. *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct.App.), *cert. denied,* 109 N.M. 33, 781 P.2d 305 (1988). We must also view the evidence in

the light most favorable to the agency's decision and findings, albeit taking into consideration evidence contrary to the agency's ruling. *Id.* at 129, 767 P.2d at 368.

We agree that, if a worker receives workers' compensation benefits and then returns to work at full capacity, it may be proper to find that the worker did not know, or may not have known, of any disability. *Romero v. General Elec. Corp.,* 104 N.M. 652, 658, 725 P.2d 1220, 1226 (Ct.App.), *cert. quashed,* 104 N.M. 632, 725 P.2d 832 (1986). However, in this case, there was substantial evidence supporting the judge's decision that Worker should have known she had a compensable injury on February 27, 1989. In *ABF Freight System,* our Supreme Court reinstated the trial court's decision that the workers' claim was barred by Section 52–1–31. *ABF Freight Sys.,* 99 N.M. at 261, 657 P.2d at 117. There, the worker had suffered a work-related injury on February 4, 1972. *Id.* at 260, 657 P.2d at 116. After a stay in the hospital, he returned to full-time employment at the same job. *Id.* Nonetheless, the worker "had a disability as evidenced 'by his working with pain, by the reduction of his activities of his employment, by his requesting others to assist him in the duties of his employment, by his seeking medical attention and by his application of home remedies to relieve his pain and disability.'" *Id.* Our Supreme Court concluded that, when the worker filed his claim on July 23, 1980, he was beyond the statutory period when he knew or should have known that he had a compensable injury. *Id.*

We are unable to significantly distinguish *ABF Freight System.* Although Worker in this case did not request assistance with her duties, she suffered from pain, took medication, was under a doctor's care, and was referred to an orthopedic surgeon on February 27, 1989, for the continuing problem with her right shoulder. Although Worker did not testify that she requested a transfer on February 13, 1989, to a smaller work area because of her shoulder pain, it was reasonable for the judge to infer that her pain was a factor in the request. We consider these facts as substantial evidence to support the judge's decision that Worker knew or reason-

ably should have known she had a disability on or before February 27, 1989.

*2. Employer's Cross-appeal.*

■ We first address Employer's contention that, in light of the judge's conclusion that the statute of limitations had run on Worker's claim for workers' compensation benefits, the judge erred in awarding vocational rehabilitation benefits. This is an issue of first impression in New Mexico. However, after considering the holdings in previous New Mexico cases, we determine that, like medical benefits, vocational rehabilitation benefits are not subject to the statute of limitations contained in Section 52–1–31(A).

It is well established in New Mexico that, even though a worker may not be entitled to installments of workers' compensation benefits because the claim was barred by Section 52–1–31(A), the worker can nonetheless receive an award of medical benefits for the work-related injury. *See Nasci v. Frank Paxton Lumber Co.,* 69 N.M. 412, 367 P.2d 913 (1961). In *Maitlen v. Getty Oil Co.,* 105 N.M. 370, 372–73, 733 P.2d 1, 3–4 (Ct.App. 1987), this Court analogized vocational benefits to medical benefits to reject the employer's argument that the requirement of Section 52–1–31(A) (that the employer must fail or refuse to pay "any installment of compensation" before the worker's cause of action accrues) applied to vocational benefits. *Id.* at 373, 733 P.2d at 4. *Maitlen* thus held that Section 52–1–31(A) did not bar the worker's suit for vocational benefits. *Id.*

Although the language of NMSA 1978, Section 52–1–50 has been partially changed, *compare* NMSA 1978, § 52–1–50 (Repl. Pamp.1991) (effective until January 1, 1991), *with* NMSA 1978, Section 52–1–50 (Cum. Supp.1985), the wording of the statute still indicates a legislative intent to treat vocational rehabilitation benefits similarly to medical benefits. Section 52–1–50(C) states in part that, "[s]ubject to the requirements imposed upon the worker and *the other limitations of this section,* the employer shall furnish vocational rehabilitation services for the worker who has suffered an injury that is covered by the Workers' Compensation Act." (Emphasis added.) This language indicates that the

limitations imposed on the receipt of vocational rehabilitation benefits are only those contained in Section 52–1–50. Section 52–1–50(E) provides a specific time limitation during which a worker, under certain circumstances, must provide written notice to the employer or be barred from receiving vocational rehabilitation benefits. Neither party, however, has argued that Subsection E is applicable here. Additionally, vocational rehabilitation benefits cannot be included in any lump-sum settlement of a worker's claim, *see* § 52–1–50(G), further indicating that they are considered to be different from installments of compensation. Vocational rehabilitation benefits are also required to be paid only as charges are incurred, *id.*, like medical benefits. We thus hold that vocational rehabilitation benefits are not subject to the statute of limitations contained in Section 52–1–31(A) and affirm the judge's award of such benefits to Worker.

■ Although Employer phrases its second issue as an argument that the judge's valuation of the present value of Worker's award is not supported by substantial evidence, Employer's argument is essentially that the judge abused his discretion in the amount assessed as attorney fees. The present value of the award to Worker was calculated as $842.16. The judge based this computation on Worker's request for reimbursement of mileage expenses, which was submitted on or about December 17, 1991, and which included mileage incurred in 1991. Worker was actually reimbursed $260.20 by Employer for the 1991 mileage on December 27, 1991. Thus, the corrected value of the award to Worker was $581.96. Based on this corrected amount, the attorney fee award of $800 thus equaled 138% of the present value of the award.

■ When determining an appropriate award of attorney fees, the judge must consider both the statutory factors and the factors listed in *Fryar v. Johnsen*, 93 N.M. 485, 487, 601 P.2d 718, 720 (1979). Attorney fee awards are reviewed for abuse of discretion. *Sanchez v. Siemens Transmission Sys.*, 112 N.M. 533, 535, 817 P.2d 726, 728 (1991). In *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985), our Supreme Court

clarified its holding in *Fryar*. Under *Woodson*, an attorney fee in the range of 10% to 20% of the present value of the worker's award is generally appropriate. *Id.* at 338–39, 695 P.2d at 488–89. However, our Supreme Court acknowledged that "a percentage-based method of awarding attorney fees may break down in cases in which the [worker's] recovery is unusually large or unusually small." *Id.* at 338, 695 P.2d at 488.

We recognize that the $800 attorney fee award in this case is equal to 138% of the present value of the award. Nonetheless, we are not convinced that the judge abused his discretion simply because the attorney fee is greater than the present value of the award to Worker. This case is one where Worker's recovery was small; thus, limiting the attorney fee to a certain percentage of the award would be "totally inadequate to fairly compensate" Worker's attorney. *See id.* Additionally, our Supreme Court has recently approved an attorney fee greater than the present value of the worker's award. In *Sanchez*, an attorney fee equal to 102% of the worker's award was held not to be excessive when considered together with the statutory and *Fryar* factors. *Sanchez*, 112 N.M. at 535–36, 817 P.2d at 728–29. The findings in this case indicate that the judge considered the *Fryar* factors, including recognition of the policy that miserly attorney fee awards can adversely affect legal representation for workers. Additionally, Worker's attorney requested reimbursement for twenty-seven hours; an $800 award thus reflects payment of only $29.62 per hour. When considered in this context, the award of attorney fees was not an abuse of discretion.

Employer also contends that the award of attorney fees based on the award of vocational rehabilitation benefits should be reversed because the judge's reliance on such benefits was "too speculative." *See Board of Educ. v. Quintana*, 102 N.M. 433, 435, 697 P.2d 116, 118 (1985) (holding that future medical expenses are not to be included in computing the present value of a compensation award because they are too speculative). We reject Employer's argument because the findings indicate that the judge did not include the value of future vocational rehabilitation bene-

fits in determining the present value of Worker's award.

CONCLUSION

We hold that substantial evidence supported the judge's conclusion that the statute of limitations began running on Worker's claim on February 27, 1989, and that her claim was therefore untimely filed. We also hold that the judge did not abuse his discretion in awarding $800 in attorney fees for Worker's counsel. We therefore affirm the judge's decision.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.